## HARRIS v. TWENTIETH CENTURY-FOX FILM CORPORATION.

### No. 72.

Circuit Court of Appeals, Second Circuit.

Nov. 10, 1943.

See, also, 35 F.Supp. 154; 43 F.Supp. 119.

Dwight, Harris, Koegel & Caskey, of New York City (Harry J. McIntyre, of New York City, of counsel), for appellant.

O'Brien, Driscoll & Raftery, of New York City (Milton M. Rosenbloom, of New York City, of counsel), for respondent.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiff alleged in her complaint that she had been engaged as a writer for what is known as the California Studio of the defendant; that while so engaged, she had

**572**

written certain material on the life of Brigham Young; that she later contracted to sell that material to the Studio; that thereafter she worked at the Studio on a screen treatment of Brigham Young; that the Studio produced a motion picture concerning Brigham Young and did not give the plaintiff proper "screen credit" in that motion picture for her literary work. She asked that the motion picture be enjoined, and in support of a motion for temporary injunction submitted affidavits in which she sought to support her claim by certain conversations and correspondence with officials and employees of defendant Studio. The defendant submitted counter-affidavits of five of those persons flatly contradicting plaintiff's affidavits. The motion for temporary injunction was denied by the District Court which, in its opinion, stated that "the affidavits are indeed very conflicting." Plaintiff then amended her complaint so as to make it an action at law for damages in the amount of $50,000. Defendant then, on notice to plaintiff, took the depositions in New York of the plaintiff in five separate hearings. Defendant subsequently took the depositions in California of five of its employees including those with whom plaintiff claimed to have had conversations or communications. Thereafter defendant moved for summary judgment under Rule 56, Rules of Civil Procedure, 28 U.S.C.A. following section 723c, on the ground that the facts disclosed in the pleadings and in the testimony of the witnesses whose depositions had been taken, showed that no triable issue existed. All the depositions were incorporated in defendant's moving papers but none is included in the record before us. The District Court granted the motion and dismissed the complaint. The judgment refers to all the depositions, but the opinion of the District Court refers solely to the plaintiff's depositions, and there is nothing elsewhere in the record to indicate that the contents of the other depositions were in any way needed in connection with the motion for summary judgment, or in any manner affected the decision of the District Court. The judgment stated that the complaint should be dismissed with costs, and, as originally entered, included, among other things, the stenographers' fees incurred in connection with the deposition of the plaintiff, the fees of the Commissioner who was present at the taking of those depositions and the stenographers' and attorneys' fees for the five depositions taken in California. The Clerk of the District Court refused to allow any part of the expenses incurred in the taking of plaintiff's deposition and or any expenses incurred in the taking of three of the five California depositions. The defendant moved the District Court for a review of these rulings of the clerk. That court allowed as costs the stenographers' fees in connection with the plaintiff's depositions, but, by an order, disallowed the Commissioner's fee therefor, and the stenographers' fees and statutory attorneys' fees in connection with three of the five depositions taken in California. From that order defendant appeals.

▮▮▮▮ Rule 54(d) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *". The "unless" clause clearly gives the trial court discretion in allowing costs except as a statute or some other Rule otherwise provides.[1] Under Rule 30(a) and (b), a party desiring to take a deposition may give notice and the court, upon motion of the other party, may make an order that the deposition shall not be taken. Since plaintiff made no such motion, this case must be considered as if the court had directed the depositions to be taken. Rule 30(c) requires a Commissioner to be present at the taking of depositions.[2] However, nothing

---

[1] That Rule appears to have adopted, for all suits covered by it, the previous federal practice in equity, according to which the trial court had wide discretion in fixing costs, a discretion not reviewable unless manifestly abused (especially where the appeal related solely to the costs). Newton v. Consolidated Gas Co., 265 U.S. 78, 82–84, 44 S.Ct. 481, 68 L.Ed. 909; Minar Inc., v. Hammett, 60 App.D.C. 291, 53 F.2d 149; In re Michigan Cent. R. Co., 6 Cir., 124 F. 727, 732; Reconstruction Finance Corp. v. J. G. Menihan Corp., 2

Cir., 111 F.2d 940; Gold Dust Corp. v. Hoffenberg, 2 Cir., 87 F.2d 451, 453. Moore, 3 Federal Practice (1938) 3160, says that Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919, as to costs in actions at common law has been superseded by Rule 54(d).

[2] Accordingly, the trial court could, in its discretion, tax the Commissioner's fees as costs but, we think, in some modest sum not to exceed $10 for each day's hearings.

in those rules refers to costs. Rule 80(a) provides that a court or master may direct that evidence be taken stenographically, and that the stenographer's fees "may be taxed ultimately as costs, in the discretion of the court." Thus Rule 80(a) confirms the court's discretion as to stenographers' fees where the evidence is taken in court; a fortiori, the court has such discretion as to such fees in connection with depositions. The trial court is better acquainted with the proceedings than we can be.[3] There is here no such showing of abuse of discretion as to justify our over-ruling its order, except as to one item. 28 U.S.C.A. § 572, provides that there shall be allowed $2.50 for "each deposition taken and admitted in evidence in a cause." That statutory provision is expressly excepted from the operation of Rule 54(d).[4] There may perhaps be some question whether, on this record, it can be said that the depositions taken in California were "admitted in evidence," but we think that the recital in the summary judgment order is sufficient to show that they were. We therefore hold that the District Court erred in disallowing such statutory fees in connection with three of the California depositions.

Reversed in part.

---

[3] Newton v. Consolidated Gas Co., supra.
[4] Cf. Newton v. Consolidated Gas Co., supra; Reconstruction Finance Corp. v. J.

G. Menihan Corp., 2 Cir., 111 F.2d 940, 941.