### W. F. & JOHN BARNES CO. et al. v. INTERNATIONAL HARVESTER CO. et al.

#### No. 8522.

Circuit Court of Appeals, Seventh Circuit.
Nov. 29, 1944.

Rehearing Denied Jan. 5, 1945.

Writ of Certiorari Denied Feb. 26, 1945.

See 65 S.Ct. 687.

George I. Haight, M. K. Hobbs, John A. Marzall, and Carl Hoppe, all of Chicago, Ill., for appellants.

Alwin F. Pitzner and Richard Russell Wolfe, both of Chicago, Ill. (Carlson, Pitzner, Hubbard & Wolfe, of Chicago, Ill., of counsel), for appellees.

Before SPARKS, KERNER, and MINTON, Circuit Judges.

SPARKS, Circuit Judge.

The questions here presented arise out of the taxation of costs in W. F. and John Barnes Company et al. v. International Harvester Co. et al., D.C., 51 F.Supp. 254. The original complaint and its amendments charged the defendants with infringement of fourteen patents, containing almost 1000 claims, of which plaintiffs relied on 129 as exemplary of various phases of the alleged inventions. Each claim relied upon was held invalid, the complaint was dismissed for want of equity and the decree ended with the words, "Costs of this proceeding shall be charged against plaintiffs." There was no appeal from this decree. It was entered August 28, 1943, and on plaintiffs' motion, filed December 9, 1943, the court on the same day ordered defendants to file their bill of taxable costs within three days thereof. This was done, and in support of the bill, defendants tendered therewith three affidavits as to the correctness, necessity and reasonableness of the respective items. Except as to a few minor items, not material here, the clerk, on December 20, 1943, taxed the costs as claimed.

On December 22, 1943, plaintiffs filed their motion to retax the costs, and to disallow certain items set forth in the bill, on the ground that they were unwarranted and unallowable. These may be summarized by the following items of expense, which were paid by defendants:

1. Preparing illustrative charts and models received in evidence.

2. Producing blue prints and photostats, substituted in lieu of original drawings and documents upon stipulation of counsel.

3. Photographs (and duplicating enlargements thereof) and motion picture film of prior art machines, the existence, date and construction of which machines were proved by other exhibits and testimony.

4. Drafting drawings of accused devices when other drawings and disclosures of such devices had been furnished upon motion and order to produce, and had been admitted in evidence.

5. Certified copies of applications and file wrappers of patents, other than those in suit, introduced in evidence but not referred to thereafter.

6. Taking and certifying depositions in excess of the fees specified in sections 597 and 642, Title 28, U.S.C.A.

7. Attendance and subsistence fees for defendants' expert witness at times when he was not testifying.

The court denied this motion, and from that ruling this appeal is prosecuted.

The question presented is whether the District Court had authority to tax as costs against the plaintiffs the items referred to in plaintiffs' motion. They raise no question as to the amount of the costs thus assessed, nor do they contend that the court abused its discretion in awarding costs. They merely contend that the court erred in taxing against them the items of cost which, they say, in fact and in law are not costs.

Plaintiffs urge that there must be specific statutory authority before an item may be taxed as costs, and that cost statutes must be strictly construed. The statute from which, they contend, authority to tax all party and party costs is derived is the Fee Bill Act of 1853, 28 U.S.C.A. § 830, which reads as follows:

"The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause."

 Our Supreme Court has interpreted this section of the statute adversely to plaintiffs' contention. Ex parte Peterson, 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919; Newton v. Consolidated Gas Co., 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909. In the Peterson case the Court said:

"Federal trial courts have, sometimes by general rule, sometimes by decision upon the facts of a particular case, included in the taxable costs expenditures incident to the litigation which were ordered by the court because deemed essential to a proper consideration of the case by the court or the jury. Equity rule 68 [28 U.S.C.A. § 723 Appendix] provides for taxing the fees of masters and Rule 50 for the expense of a stenographer. Both rules embody substantially the practice which had theretofore prevailed generally in equity proceedings, and which in the Southern District of New York had been followed not only in equity * * * but also in admiralty * * *.

"The allowance of costs in the federal courts rests not upon express statutory enactment by Congress, but upon usage long continued and confirmed by implication from provisions in many statutes." 40 S. Ct. 548.

This ruling was not in derogation of Section 830, but in effect it held that that section applied only to the costs therein specifically referred to.

This ruling was followed in the Newton case, and the Court there said [265 U.S. 78, 44 S.Ct. 482, 68 L.Ed 909]: "Questions of costs in admiralty and equity are discretionary, and the action of the court is presumptively correct." See also Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184; Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 139 F.2d 571; Graffis v. Woodward, 7 Cir., 96 F.2d 329, certiorari denied 305 U.S. 631, 59 S.Ct. 95, 83 L.Ed. 404.

 It is quite true that in the Peterson and Newton cases the items in issue were of a different specific character than those now before us. However, those courts held that such items were properly charged as costs not because of express statutory enactment, nor because of the specific character of the item, but because of long continued usage, confirmed by implications from provisions in many statutes. The effect of such ruling was to place within the trial court, in equity proceedings, a large discretion in admitting in evidence all pertinent matters which in the court's view would expedite the trial, and which would give the court and the parties a clearer conception of the points in issue. Generally speaking, such practice must of necessity redound to the benefit of the parties as well as the court. We have found this to be true in this court, and from the district court's rulings in this case, we apprehend that it is true of all other courts. In T. H. Symington & Son, Inc., v. Symington Co., D.C., 12 F.Supp. 391, the district court ruled that the models there used were not abso-

918

lutely necessary for a proper understanding of the case, and it disallowed the taxation as to them. Nevertheless, it followed that ruling with the following language [p. 394]: "It is not doubted, however, that the court has the power to make such order where it is apparently reasonably necessary for the proper understanding of the controversy." See also Swan Carburetor Co. v. Chrysler Corp., D.C., 55 F.Supp. 794.

■■ It is quite true that in the Peterson and Newton cases the court had previously ordered the performance of the act and the procurement of the item for which the costs were taxed, while no such order was here made. However, plaintiffs, so far as this record discloses, offered no objection to such evidence, and at that time they were charged with knowledge of the law as pronounced in the Peterson and Newton cases, and followed by this Circuit in the Graffis case, to the effect that the district court is entrusted with discretionary power to receive in evidence such items as above referred to as Nos. 1, 2, 3, 4 and 5 of our summary, and to tax as party and party costs the reasonable expense of their procurement, if the court reasonably thought they were necessary and helpful to an expeditious and proper trial of the issues. That the district court was of this opinion is clearly to be implied from that court's action in approving the taxation, and it is clearly supported by appellees' supporting affidavits, which are not in any manner controverted by appellants. Under these circumstances we think it was unnecessary that the procurement and the introduction in evidence of the items last referred to should have been preceded by an authoritative order of court. See Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 139 F.2d 571; also Gotz v. Universal Products Co., D.C., 3 F.R.D. 153.

Appellants contend that the cases of Kansas City Southern R. Co. v. Guardian Trust Co., 281 U.S. 1, 50 S.Ct. 194, 74 L.Ed. 659, and Sprague v. Ticonic National Bank, 307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184, alter or modify the holdings in the Peterson and Newton cases. A reading of these cases convinces us that there is no such modification or alteration.

■ Item 6 of our summary of items relates to expenditures for taking and certifying depositions, and for the notary's per diem, in excess of fees specified in 28 U.S.C.A. § 597. This question has been decided by the Second Circuit in Harris v.

Twentieth Century-Fox Film Corporation, supra. That court held that, under Rule 80 of the Rules of Civil Procedure, 28 U.S. C.A. following section 723c, such expenditures may be taxed ultimately as costs, in the discretion of the court. We concur in the conclusions of that opinion.

Plaintiffs rely on Miller v. United States, 317 U.S. 192, 63 S.Ct. 187, 87 L.Ed. 179. This was a criminal case and the defendant was defending in forma pauperis, and was not subject to the Rules of Civil Procedure. The court held that there was no such federal official as court stenographer, and although the court's secretary reported the case stenographically, his transcript of the evidence, if made, was not indispensable in preparing a bill of exceptions, and his fee therefor was not among statutory fees or costs contemplated by 28 U.S.C.A. § 832.

That court further said that there was no appropriation out of which such service fee could be paid, and that the former practice was for the parties to agree that a designated person should report the case and that he should be paid by private arrangement, and that the amount thus paid should not be considered as costs in the cause nor taxable as such against any of the parties.

■ The case at bar is a civil one, and of course is governed by Rule 80 of the Rules of Civil Procedure. The depositions referred to were not taken in court, but at other places and before other officers and by different stenographers, whose pay for services was not governed by federal statute, nevertheless, they were allowable as costs of the proceeding, and in such reasonable amounts as the trial court, in the exercise of its sound discretion, might determine, if it thought they were reasonably necessary.

■ There were many certified copies of file wrappers and their contents, other than those of the patents in suit, introduced in evidence by defendants, and defendants' expenditures therefor have been included and allowed in their bill of costs, although a few of these were never used nor referred to by defendants thereafter. Plaintiffs contend that the court erred in allowing such costs except for the file wrappers and their contents of the patents in suit. With this contention we are not in accord. The file wrappers in question are those of patents issued on applications filed prior to that of the particular patent or patents in suit against which they were pleaded, but which actually matured into patents after the filing

of the corresponding patent here in suit. We think it is fair to assume from plaintiffs' statement of their contention and from the court's finding of facts and its opinion, that many of such file wrappers of the prior art were used and referred to by the court. For us to say now that they were not necessary nor helpful to the court's rightful determination of the cause would be indulging in an unwarranted presumption. Such evidence was material and admissible. See Alexander Milburn Co. v. Davis Co., 270 U.S. 390, 46 S.Ct. 324, 70 L.Ed. 651.

■ With respect to the few file wrappers which plaintiffs say were never used or referred to after their introduction, it should be recalled that plaintiffs failed at the trial to pursue their attack with respect to three of the fourteen patents. It might well be that these file wrappers were quite pertinent and material to the defense with respect to the three patents which plaintiffs abandoned. Moreover, they might have been considered by the defendants as reasonably pertinent and material to their defense with respect to all or any of the patents in suit. For ought we know the court did consider and rely upon them, albeit they were not specifically referred to in the court's opinion of about one hundred pages. The corresponding patents were cited in defendants' answer as pertinent prior art, and we can not assume without proof that they were not considered and used by the court, merely because they were not specifically referred to in the opinion or findings. The district court heard argument on this motion, and briefs were filed, and the motion was denied. From these facts we must assume that the district court was of the opinion that the file wrappers were reasonably necessary, material and useful in the determination of the questions presented, and we can not disturb its conclusions with respect thereto.

Defendants' expert witness was in attendance at the trial on 123 separate days, including the first day. He heard the opening statements, and all the testimony, and so far as we are informed by this record he was not excused by the court, or by either of the parties. He testified on sixty-nine separate days, but they were not all consecutive days. He was held in readiness to testify when called or recalled by any of the parties. He was recalled many times by the parties and by the court.

Under these circumstances plaintiffs contend that the court erred in not limiting the per diem and subsistence allowance of this witness to the number of days on which he actually testified. In this connection they urge that during the remaining days of his attendance, he was merely listening to the opening statements of counsel and the testimony of other witnesses, and assisting in the preparation of a portion of the cross-examination of plaintiffs' expert, for the purpose of better qualifying himself as an expert witness upon the issues then before the court.

■ This was an unusually large patent suit in which many claims of the eleven patents remaining in issue were challenged. All of the patents were indeed intricate and required much testimony and demonstration for a correct solution of the problems presented. Every claim was held invalid, and from that decision no appeal was prosecuted. It is indeed difficult in such cases for the court or the attorneys to determine precisely when a witness will be used, or when he may be excused from attendance even after he has testified. We think it would be unfair to require the attorneys on either side to determine at the beginning of a trial the exact order in which their witnesses will be used. Nor is it usually determinable by the opponents or by the court when or how often a witness will be recalled for cross-examination, or for further examination by the court. In a case of this magnitude it would be most difficult for us to say the trial court had erred in not excusing this expert before all of the evidence in the case had been concluded. A reading of the findings and conclusions of law, and the written opinion of the court, convinces us that it would have been very unwise on the part of the court or of the defendants, to have excused the defendants' expert until the evidence was closed. The court did not allow per diem and subsistence to this witness during his attendance at the argument of the case and this was right, but we cannot say that the court erred in allowing the other items. This record comes to us with the court's approval of the claim. We think it was a matter solely within its discretion, and we cannot say that discretion was abused.

■ The defendants insist that we should dismiss this appeal for lack of jurisdiction, because as a general rule there is no appeal from a mere judgment of costs. There is one exception to this rule and that is where the power of the court to assess certain items of costs is in dispute. Newton

v. Consolidated Gas Co., supra; Williams v. Sawyer Bros., 2 Cir., 51 F.2d 1004, 81 A.L.R. 1527. That is the precise question which is presented to us in this case, and for that reason plaintiffs had the right of an appeal, and we have jurisdiction to decide that question of law. Having decided it adversely to the plaintiffs we can hardly say now that we have no jurisdiction to do so.

The order of the District Court is

Affirmed.