## NORTH BUTTE MINING CO. v. ANACONDA COPPER MINING CO.

### No. 187.

District Court, D. Montana,
Butte Division.

Nov. 13, 1946.

James A. Poore, Jr., of Butte, Mont., and Ralph J. Anderson, of Helena, Mont., for plaintiff.

W. H. Hoover, R. H. Glover, John V. Dwyer, J. T. Finlen, Jr. and L. V. Ketter, all of Butte, Mont., for defendant.

BROWN, District Judge.

After the judgment of the Court was entered in favor of the defendant, it filed its cost bill wherein it included the item of costs of preparing six large plan maps and prints introduced in evidence—$310.24, and costs of labor in preparing six longitudinal sections introduced in evidence—$308.23, which it claimed as taxable costs. The plantiff objected to taxation of such items by the Clerk as costs. The objections were overruled and the items taxed by the Clerk and the matter is before the Court on the plaintiff's motion to retax the costs as to those items.

Section 830 of Title 28 U.S.C.A. provides: "Same; bill of; taxation. The bill of fees of the clerk, marshal, and attorney, and the amount paid printers and witnesses, and lawful fees for exemplifications and copies of papers necessarily obtained for use on trials in cases where by law costs are recoverable in favor of the prevailing party, shall be taxed by a judge or clerk of the court, and be included in and form a portion of a judgment or decree against the losing party. Such taxed bills shall be filed with the papers in the cause. (R.S. § 983.)"

Subdivision (d) of Rule 54 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs;"

The decree provided that the defendant should recover its costs. Subdivision (d) of Rule 54 is silent as to the items that are properly taxable as costs. Section 830, Title 28 U.S.C.A. does not in express terms provide that the cost and expense of obtaining maps and plats for use at the trial of a case shall be taxable as costs. However, in this jurisdiction the charge for maps necessarily introduced in evidence in the trial of a case is a proper one. Lilienthal v. Southern California R. Co., C. C., 61 F. 622.

Section 9802, R.C.M. 1935, provides in part: "What are costs and disbursements. A party to whom costs are awarded in an action is entitled to include in his bill of costs his necessary disbursements, as follows: * * * the reasonable expenses for making a map or maps if required, and necessary to be used on trial or hearing; * * *." This section appeared as Section 7169 of the Revised Codes of Montana of 1907 and in construing the section the Supreme Court of Montana said: "the reasonable expenses for making a map, if required or necessary to be used, are properly taxable by virtue of section 7169, Revised Codes." Kelly v. City of Butte, 44 Mont. 115, 122, 119 P. 171, 174.

It thus appears that the reasonable expenses of making a map are taxable as costs only if required or necessary to be used in the trial of the case and the question then presented is the necessity of the use of the maps in the trial before the court.

 The action was commenced by the plaintiff to obtain an order restraining the defendant from erecting on its own mining claim, which adjoined the mining claim of the plaintiff, certain seals the plaintiff alleged the defendant proposed to erect and if erected would have the effect of preventing water from flowing from the plaintiff's mine into the defendant's mine and would have the further effect of shutting off all circulation of air in the plaintiff's mine. It was alleged by the plaintiff in its complaint that extensive underground mining operations had been done by the defendant within the mine of the plaintiff of large value and large bodies of ore had been blocked out, and if the water were not permitted to drain and the air to circulate, the workings in the plaintiff's mine would deteriorate and cave, the mine would become flooded and the plaintiff would be prevented from carrying on further mining operations on its own property. It was conceded by the defendant that it proposed to build the seals or bulkheads complained of and in doing so it would thus shut off the circulation of air in the plaintiff's mine. It was conceded that the defendant for four years had undertaken extensive mining operations in the plaintiff's mine, partly under written contract and partly under an oral agreement, at the expenditure of large sums of money and that bodies of ore had been blocked out. The maps were introduced in evidence without objection and illustrated in detail the work done by the defendant in the plaintiff's mine over the four year period. However, the issue in the case to be determined by the Court was not the places in the plaintiff's mine the defendant worked, or the location of the workings, or their extent or value, or the size, extent or value of the ore blocked out in the plaintiff's mine by the defendant, but the sole question as to whether or not the defendant had the right to erect on its own property seals which, if erected, would prevent the flow of water from the plaintiff's mine to the defendant's mine and cut off the circulation of air in the plaintiff's mine, and in the opinion of the Court the maps presented at the hearing before the Court by the defendant were neither required nor necessary to be used in determining that question.

It is urged that as there was no objection made by the plaintiff to the introduction of the maps in evidence and they were introduced, the cost of preparing them is properly taxable. However, the determinative factor is not whether or not the maps were introduced in evidence, but whether or not they were required or necessary to be used in the trial and determination of the issue that was presented to the Court for determination.

It Is Therefore Ordered that the motion of the plaintiff to retax costs be and the same hereby is sustained and the Clerk of this court is directed to disallow as costs the costs of preparing the maps hereinabove itemized and to tax as the defendant's costs the amount claimed by it in its cost bill less such items.