## COPEMAN LABORATORIES CO. v. NORGE DIVISION OF BORG–WARNER CORPORATION et al.

## COPEMAN LABORATORIES CO. v. GENERAL MOTORS CORPORATION.

Nos. 5601, 5928.

United States District Court
E. D. Michigan, S. D.

March 4, 1950.

162

Barnes, Kisselle, Laughlin & Raisch and Robert A. Choate, Detroit, Mich., and Arthur M. Smith, Dearborn, Mich., for plaintiff.

Harry W. Lindsey, Jr., George N. Hibben and Howard W. Hodgkins, Chicago, Ill., and Fred E. Jones, Detroit, Mich., for defendants.

LEDERLE, Chief Judge.

This case is presently before the court for decision on review of the Clerk's taxation of costs, orally presented to the court immediately following taxation by the Clerk, supplemented by written briefs. No order of court was applied for nor issued authorizing any of the disputed expenditures.

This litigation originated with a complaint filed by plaintiff, assignee of Kisselle Re-issue Patent 20693, on ice cube grids and trays, and Hathorne Patent 1,932,731, on a coating for such devices. The original defendants, Norge Division of Borg-Warner Corporation and Aluminum Goods Manufacturing Company, were charged with infringement of these patents. Subsequently, a second suit was instituted by plaintiff, charging General Motors Corporation with infringement of the Kisselle patent, no charge being made relative to the Hathorne patent because General Motors had licenses thereunder. At this stage of the proceedings, General Motors Corporation sought and was granted leave to intervene in the first action because one of the devices accused therein had been furnished to Norge by General Motors. The two actions were then consolidated for trial and tried together. All defendants contested validity and infringement. The trial resulted in a judgment dismissing both complaints upon the merits because (1) there was no proof of infringement of either patent; (2) all claims of the Kisselle patent were invalid; and, (3) Claims 1, 4 and 5 of the Hathorne patent would be invalid if interpreted broadly enough to include the coating used upon the accused devices. See, findings of fact and conclusions of law reported at D.C., 72 F.Supp. 734. Plaintiff appealed as to the Kisselle patent only, abandoning the question of the Hathorne patent. In an opinion reported in 6 Cir., 171 F.2d at page 288, the determination of invalidity and non-infringement of the Kisselle patent was affirmed.

Plaintiff objects to the Clerk's allowance of item 2 of defendants' bill of costs, for double the statutory allowance for attendance fees, mileage and subsistence of defendants' witnesses whose testimony related to both cases. The statute prescribing witness fees at the time this case was tried in July, 1947, was prior 28 U.S.C.A. § 600c,[1] which provided in part:

"Witnesses attending in United States courts * * * shall receive for each day's attendance and for the time necessarily occupied in going to and returning from the same, $2, and 5 cents per mile for going from his or her place of residence to the place of trial or hearing and 5 cents per mile for returning: *Provided,* That witnesses * * * who attend court * * * at points so far removed from their respective residences as to prohibit return thereto from day to day, shall, when this fact is certified to in the order of the court * * * for payment, be entitled, in addition to the compensation provided by existing law, to a per diem of $3 for expenses of subsistence for each day of actual attendance and

---

1. 1948 Revised Judicial Code, 28 U.S.C.A. § 1821.

for each day necessarily occupied in traveling to attend court and return home.

"When a witness is subpoenaed in more than one cause between the same parties, at the same court, only one travel fee and one per diem compensation shall be allowed for attendance. Both shall be taxed in the case first disposed of, after which the per diem attendance fee alone shall be taxed in the other cases in the order in which they are disposed of."

The former statute, 28 U.S.C.A. § 830, provided that, "the bill of fees of * * * the amount paid * * * witnesses * * shall be taxed". The present statute as to taxation of this item, 28 U.S.C.A.Rev. § 1920, provides merely for taxation of "fees and disbursements for * * * witnesses." These two cases were consolidated for trial under Rule 42(a), Federal Rules of Civil Procedure, 28 U.S.C.A., reading: "When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

There was but one trial of these two cases in this court, at which trial each of the first five witnesses in question attended but one day, and the sixth witness attended eight days. Copeman Laboratories Company and General Motors Corporation were opposing parties in both actions. In the first action the defense of defendant Norge was undertaken by General Motors as to the device General Motors manufactured for Norge. The fact that Aluminum Goods Manufacturing Company was also named as a defendant in the first case would not in my opinion entitle the witnesses to double witness fees on the theory that these were not "cases between the same parties." Furthermore, doubling the statutory witness fee allowance under these circumstances would not "tend to avoid unnecessary costs" in a consolidated trial under Rule 42(a). Accordingly, the Clerk's allowance of $80.80 under item 2 of the bill of costs is overruled.

Plaintiff also objects to the Clerk's allowance of $39.60 for a stenographer's fee paid by defendants to a stenographer who was not an official reporter of this court for taking and transcribing the pre-trial deposition of patentee John M. Kisselle, a practicing attorney of this city, which was not introduced into evidence. It is my opinion that this deposition was not necessarily obtained for use in this case. Under these circumstances, this item would not be taxable either as "lawful fees for exemplifications and copies of papers *necessarily obtained for use in trials,*" as provided in former 28 U.S.C.A. § 830, or as "fees of the court reporter for all or any part of the stenographic transcript *necessarily obtained for use in the case,*" as provided in 28 U.S.C.A. Rev. § 1920, which became effective in September, 1948, a year after this case was tried. Although elaborate provision is made in the Rules of Civil Procedure for the taking, transcribing, certifying, filing and use of depositions, no rule or statute provides for payment of the stenographic expenses thereof. The historical evolution of 28 U.S.C.A. Rev. § 1920, providing for taxation of fees of the court reporter, shows that this refers to transcripts prepared by official reporters of this court in connection with their official duties. Accordingly, the Clerk's allowance of the stenographer's fee for deposition of John M. Kisselle, item 3a of the bill of costs, is overruled.

The items disallowed by the Clerk, of which defendants complain, fall readily into four categories, viz.:

### A

7. Cost of Simplified Drawing of Patent No. 1,912,065. (Defendants' Exhibit 33a)     9.00

9. Cost of Large Charts. (Defendants' Exhibits 40, 59, 61, 62, 64 and 65)     393.80

13. Enlarged Charts of Patents In Suit and of Accused Aluminum Goods' Devices. (Defendants' Exhibits 99A, 99B and 99C)     60.80

### B

10. Cost of General Motors Accused Ice Trays and Grids. (Defendants' Exhibits 6, 7G & P, 9G. & P, 10G & P, 11G & P, 12G, 14G & P, 17G & P, 18 G & P and 73)     30.00

14. Cost of Ice Tray Models, Coatings and Testing Devices, Including Time and Material. (Defendants' Exhibits 85, 86, 87, 88, 89, 90, 97, 99I, 99J and 99K)     255.75

15. Accused Aluminum Ice Trays and Grids. (Defendants' Exhibits 99E, 99F, 99G, 99H)     6.00

### C

12. Cost of Ice Trays and Grids of Kisselle Patent, Weeks Patent and Modified Accused Grids and Tool. (Defendants' Exhibits 37, 66, 68, 71, 72, 74, 76, 77, 78P & G)     1,623.91

### D

6. Cost of Photographs of Ice Trays and Grids. (Defendants' Exhibits 35, 36, 70, 63, 67, 69, 70 and 75)     96.50

Defendants attached to their bill of costs the affidavit of the chief engineer of Inland Manufacturing Division of General Motors Corporation showing that items A 9, large charts, and C 12, models of ice trays and grids of Kisselle and Weeks' patents and modified accused grids and tool, were produced in the Inland Manufacturing Division plant under his supervision, and used as proof of inoperability, non-infringement and lack of invention. The bill of costs was also verified by the affidavits of two of defendants' attorneys, following rather closely the language of the present verification statute, 28 U.S.C.A. Rev. § 1924, that the disbursements have been paid or the liability therefor incurred and "were necessary and are reasonable in amount."

All counsel concede that the principles enunciated in Swan Carburetor Co. v. Chrysler Corporation, 6 Cir., 1945, 149 F. 2d 476, certiorari denied 317 U.S. 692, 63 S.Ct. 324, 87 L.Ed. 554, relative to taxable items of costs, have not been overruled in this Circuit. Here, as there, no counter affidavit was filed, and I find neither bad faith, exceptional circumstances nor dominating reasons of justice calling for exceptional allowances within the limitations defined in the following language appearing on page 478 of the Swan Carburetor opinion in 149 F.2d 479: "We think that the exceptional circumstances adverted to in Sprague v. Ticonic National Bank, [307 U.S. 161, 59 S.Ct. 777, 83 L.Ed. 1184], which justify exceptional allowances, not authorized by statute, are such as exist in the case of fraud, oppression, or bad faith, cases of fiduciary relationship or those in which the prevailing party has helped to create the fund upon which the costs are charged. No such circumstances exist here. It was error, therefore, to allow costs to be taxed for the expense of manufacturing models and machines."

The Swan Carburetor litigation involved complex mechanical structures and scientific principles. The case at bar was a mine-run type of patent case involving validity and infringement of simple devices common in everyday household use.

■ Under the holding in the Swan Carburetor case, items 7, 9 and 13, specified in category A above, covering cost of charts and drawings which were necessarily used as exhibits, are allowable, and, accordingly, the Clerk's disallowance of these items is overruled.

■ The cost of ice trays and grids, models, coatings, and testing devices, specified in category B above, were used as exhibits by defendants in proving their defense, but were no more necessary nor material than the models and machines for which costs were disallowed in the Swan Carburetor case. Accordingly, the disallowance of the cost of models claimed in items 10, 14 and 15 is affirmed.

Very much akin to costs classified in B, are the costs for models claimed in item 12, specified as C above. The distinction between the trays and grids appearing in this latter category and those appearing in category B is, that these C trays and grids

were manufactured by defendant General Motors in its plant under the supervision of its chief engineer, who appeared as a witness in this case, and his affidavit as to necessity and materiality of models refers only to those classified as C. However, this type of model was no more necessary nor material than were those classified under B above or those used in the Swan Carburetor case. Accordingly, the Clerk's disallowance of costs for this item 12 is affirmed.

Item 6, classified as D above, covers cost of photographs of models which comprised physical exhibits. It would appear anomalous to disallow the cost of models introduced in evidence, but to allow the cost of photographs of such models. Accordingly the Clerk's disallowance of item 6, classified under D above, is affirmed.

One point argued by defendants is deserving of particular answer. Defendants cite W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915, decided November 29, 1944, and state that, in deciding the Swan Carburetor case, the Sixth Court of Appeals "apparently was unaware of the W. F. & John Barnes Co. v. International Harvester case which had been decided only a few months earlier by the Court of Appeals of the Seventh Circuit." An examination of the Reply Brief filed with the Sixth Court of Appeals by defendant-appellee, Chrysler Corporation, in the Swan Carburetor cost controversy discloses that it ends with the following statements:

"We desire to call to the attention of the court the recent decision of the Circuit Court of Appeals for the Seventh Circuit, W. F. & John Barnes Company, et al. v. International Harvester Company et al., [145 F.2d 915] 63 U.S.P.Q. 317, where costs were allowed to defendant in a patent infringement case including the expense of preparing illustrative charts and models, photographs and motion picture film of prior art machines, etc. The costs allowed were in the amount (not stated in the decision) of $42,956.72, and without previous order of the court respecting production of the charts, models, etc.

"We submit that the only question on this appeal is whether the court has the power to tax the costs it has imposed, and that the answer to that question is in the affirmative."

The Barnes case was again cited by Chrysler Corporation in its Reply Brief as cross-appellant in the Swan cost appeal.

■ W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915, 918, cited, as one of its authorities, this court's opinion in the Swan Carburetor cost controversy, 55 F.Supp. 794. Thereafter, on May 22, 1945, the Swan decision was announced by the Sixth Court of Appeals, holding that, in the absence of exceptional circumstances as defined therein, the only allowable costs are those which come within the meaning of some statutory provision for costs, which, specifically, is not true of models in an ordinary patent case. Under these circumstances, it is apparent that the Sixth Court of Appeals intentionally enunciated a different ruling for this Circuit than that of the Seventh Circuit as to the cost of models in a patent case. Until that decision is reversed or overruled, it is binding upon District Courts in the Sixth Circuit, including this court. Noble v. Kavanagh, D.C., 66 F.Supp. 258, affirmed sub. nom. Kavanagh v. Noble, 6 Cir., 160 F.2d 104, reversed on another point, 332 U.S. 535, 68 S.Ct. 235, 92 L.Ed. 150.

Order on Review of Costs.

In accordance with the foregoing memorandum, It Is Hereby Ordered that the following items of costs disallowed by the Clerk are hereby allowed:

| No. 7 | Cost of Drawings | $ 9.00 |
|---|---|---|
| No. 9 | Cost of Large Charts | 393.80 |
| No. 13 | Enlarged Charts | 60.80 |
| | | $463.60 |

It Is Further Ordered that the following items allowed as costs by the Clerk are hereby disallowed:

| No. 2 | Second Taxation of Witness Fees | $ 80.80 |
|---|---|---|
| No. 3a | Stenographer's Deposition Fees | 39.60 |
| | | $120.40 |

It Is Further Ordered that the Clerk's disallowance of the following items of costs is hereby affirmed, viz.:

| No. 6 | Photographs of Models | $ 96.50 |
|---|---|---|
| No. 10 | Cost of Models | 30.00 |
| No. 12 | Cost of Models | 1,623.91 |
| No. 14 | Cost of Models | 255.75 |
| No. 15. | Cost of Models | 6.00 |

$2,012.16

It Is Accordingly Ordered that the sum of $343.20 is added to the $891.85 heretofore taxed, making defendants' total allowed costs $1,235.05.