### HANCOCK et al. v. ALBEE.
#### Civ. A. No. 2855.

United States District Court
D. Connecticut.
Jan. 4, 1951.

Cummings & Lockwood, Stamford, Conn., for plaintiffs.

David M. Reilly, New Haven, Conn., for defendant.

HINCKS, Chief Judge.

This is a typical tort action growing out of a highway collision. Now, after verdict for the plaintiffs, the defendant has challenged several items in the plaintiffs' bill of costs as taxed by the Clerk which I will comment and rule upon serially.

### Photographs of Damaged Car

■ The bill for these photographs, $15.00, was submitted to the jury as an item of damage and for aught that appears is reflected in the verdict. To allow it as an item of cost would be to allow double recovery. Disallowed.

### Photostats of Accident Reports

■ These were three photostats of the reports made by the operators of automobiles involved in the accident. None were received in evidence. However, the Albee (defendant's) report, from the plaintiffs' standpoint, was reasonably necessary for use in the case under 28 U.S.C.A. § 1920(4). W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915. The others would have been inadmissible on plaintiffs' offer as hearsay: as such they did not come within 28 U.S.C.A. § 1920(4). In so holding I do not overlook the fact that the provision of Section 830 of 28 U.S.C.A. 1940, which authorized taxation of "lawful fees for exemplifications and copies of papers necessarily obtained *for use on trials*" was somewhat broadened when carried into Section 1920(4) of the Code of 1948 which provides for the taxation of such items when obtained "for use in the case". But even in this enlarged version I hold that the act does not sanction the taxation of the expense of obtaining documents which are incompetent as evidence and obtained only for convenience in the preparation for trial. Of the total item ($5) $1.50 is allowed for the Albee report, and the remainder of this item is disallowed.

### The Map

■ $100 was the cost of this item which was prepared by a competent surveyor. A map was certainly helpful for a proper understanding of the evidence, on certain issues. The initial cost was paid by the plaintiffs,—a fact which raises a prima facie showing of its reasonableness. Nothing has been offered by the defendant to rebut that presumption. Allowed.

### Depositions

Fed.Rules Civ.Proc. 80(a), 28 U.S.C.A., provided originally: "A court or master may direct that evidence be taken stenographically and may appoint a stenographer for that purpose. His fee shall be fixed * * * ultimately as costs, in the discretion of the court." This part of the rule, it may be noted, followed substantially Equity Rule 50. Sub-division (a) of Rule 80, as also sub-division (b) thereof, was abrogated by the amendments of the federal rules which became effective March 19, 1948. This was because its substance had been substantially incorporated into the Court Reporters Act of February 20, 1944, 58 Stat. 5. In its original form, subdivision (e) of this Act read as follows: "(e) Taxation of Fees as Costs.—In the discretion of the court any part or all of the fees for transcripts may be taxed as costs in the case."

This statutory provision which was incorporated by amendment into Section 9, U.S.Code Annotated, 1940, was transposed into Sec. 1920 of the Code of 1948 which reads, so far as pertinent, as follows:

" § 1920. Taxation of costs

"A judge or clerk of any court of the United States may tax as costs the following: * * *

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case".

And it is apparent from the note of the revisers of the Code of 1948 that the provision just quoted was in practical effect a re-enactment of the practice authorized first under Rule 80(a) and then under subdivision (e) of the Court Reporters Act.

█ In Harris v. Twentieth Century-Fox Film Corporation, 2 Cir., 139 F.2d 571, it was held that the court's discretion as to the taxation of stenographer's fees as costs extended to his fees for depositions as well as to fees for transcripts of evidence taken in court. That opinion also indicated that the Judge had a wide discretion in the premises. The breadth of this discretion is emphasized by the wording of Par. (2) of Section 1920 of the Code of 1948 which permits the taxation of the fees for transcript "necessarily obtained for use in the case",—language in sharp contrast with the narrower language of Section 1923(a) of the same revision of the Code which permits the taxation of an attorney's fee as follows: "$2.50 for each deposition *admitted in evidence.*" This contrast suggests, and I hold, that the stenographer's fees, as distinguished from the $2.50 attorney's deposition fee under Sec. 1923(a), may be taxed for a deposition obtained for use in the case even though the trial takes such a course that it is never actually offered or received in evidence. W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915.

It is, I think, not possible to formulate any rigid rules for the determination of whether a questioned deposition has been "necessarily obtained for use in the case". Each deposition in each case must be considered for its compliance with that qualification. Doubtless the impossibility of stating a general rule explains why the matter was left to judicial discretion.

█ Here, there can be little doubt that the stenographer's fee for a copy of the transcript of the deposition of Albee, the defendant, part of which was read into the evidence, was properly taxed against the defendant. This amounted to $6.50 to which may be added $10 representing one-half of the stenographer's attendance fee, which plaintiff initially paid.

[6] More doubt attaches to the taxability of the stenographer's fees for a copy of the deposition of the plaintiff Hancock taken on notice by the defendant. Was this necessarily obtained by plaintiffs' counsel "for use in the case"? If, as I infer, defendant's counsel had a copy of this deposition, in the absence of notice to the contrary plaintiffs' counsel might reasonably have anticipated that it might be used to impeach Hancock's testimony. That possibility made it reasonably necessary that plaintiffs' counsel should have a copy in order to protect the plaintiffs' rights by holding the impeachment within proper limits. A transcript obtained for such a purpose was necessarily obtained, I hold for use in the case. Thus plaintiffs' payment of $19 for this deposition I hold to be taxable. Similarly, $30 is taxable for plaintiffs' copy of Ducharme's deposition, Ducharme being a co-plaintiff whose deposition also was taken on notice by the defendant.

█ With respect to the Lawson deposition a different situation obtains. This was a deposition given in California on written interrogatories. For such a deposition no stenographer was necessary or employed; consequently no charge under Sec. 1920 was taxable. However, since such depositions under Rule 31(a) must be taken before an "officer" a reasonable officer's fee is taxable. This view is stated in the Harris case cited above in which a $10 per diem is suggested as reasonable. This suggestion I accept and allow also the $1.78 paid for notarial certificates and postage. This makes an allowable aggre-

gate of $11.78 on account of the Lawson deposition.

The Clerk will accordingly recast the bill of costs in accordance with the foregoing.