**HANSEN et al. v. BRADLEY et al.**

No. 6143.

United States District Court
D. Maryland.

July 1, 1953.

John J. O'Connor, Jr., Baltimore, Md., for plaintiffs.

Clater W. Smith, Clark, Thomsen & Smith, Wilbur D. Preston, Jr., and Due, Nickerson, Whiteford & Taylor, Baltimore, Md., for defendants.

CHESNUT, District Judge.

The defendants in this case have filed a motion for re-taxation of court costs. The plaintiffs recovered a substantial verdict for damages against the defendants on account of an automobile collision. Counsel for the plaintiffs has submitted a bill of allegedly taxable court costs in the amount of $259.20. The defendants' motion is to eliminate certain items of the costs bill. The items particularly objected to are as follows:

1. Registered mail to Arnold Cole, $1.-03.

2. Deposition expense of Marilyn Brown Hansen, $33.15.

3. Deposition expense of Robert E. Bradley, Jr., and Arnold Cole, $53.25.

4. Architect's drawing of intersection $30.00, and

5. Photographs of intersection $21.42.

I think this is the first case in which there has been a motion to re-tax costs since the adoption of the rules of civil procedure in 1938 and the revision of the Federal Judicial Code in 1948. It is comparatively seldom that questions as to proper taxation of court costs come before the court as the disputed matters are most frequently disposed of by conferences between the clerk and opposing counsel. However, as that has not been possible in the instant case it is perhaps desirable to have an opinion which may be useful as a guide to the clerk and counsel in other cases.

In the first place, it must be noted that the allowance of taxable court costs in the federal courts is basically dependent on the federal statutes supplemented for civil cases by the Federal Rules of Civil Procedure, 28 U.S.C.A. and sometimes by local rules of the district court. Prior to 1938 probably the most generally applicable rule was that in suits at law the costs followed the judgment, or, in other words, were allowed to the prevailing party; while in suits in equity the costs were said to be discretionary with the court. But of course in any event the allowance of costs might be dependent upon the provisions of a particular federal statute.

Rule 54(d) of the F.R.C.P. (1938) provided

"(d) Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; but costs against the United States, its officers,

and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motions served within 5 days thereafter, the action of the clerk may be reviewed by the court."

In 1948 the Judicial Code of the United States, title 28 U.S.C.A. was revised. Section 1920 dealt with the taxation of costs and provided

"A judge or clerk of any court of the United States *may* tax as costs the following:

"(1) Fees of the clerk and marshal;

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

"(3) Fees and disbursements for printing and witnesses;

"(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

"(5) Docket fees under section 1923 of this title.

"A bill for costs shall be filed in the case and, upon allowance, included in the judgment or decree." (Italics supplied.)

It will be noted that the statute as now worded reads "may" tax and not "shall" tax. The notes of the Revisers of this section show that the word "may" was deliberately used. It was said that the "word 'may' was substituted for 'shall' before 'tax as costs' in view of rule 54(d) of the Federal Rules of Civil Procedure, providing for allowance of costs to the prevailing party as of course 'unless the court otherwise directs'." The general result seems to be that now the allowance of costs in all civil actions in federal courts is basically discretionary with the court although generally in practice the proper taxable items of cost will be allowed to the prevailing party. But, even when the costs generally are allowed to the prevailing party, it is discretionary with the court whether particular items, when objected to, should be allowed. As in other cases of the exercise of judicial discretion the allowance of particular items as court costs is to be determined from the facts and circumstances of the particular case. It seems quite impossible to draw any certain conclusion from the many decided cases on costs as to what particular items should be allowed or disallowed in any given case. See the interesting discussion in Barron & Holtzoff, Federal Practice and Procedure, (Rules Ed.) ss. 1195–1200; and Moore's Federal Practice Under the New Federal Rules, Vol. 3, s. 54.04, p. 3159, and cases noted in 1951 Supplement. Cf. Ohlinger's Federal Practice, Rev.Ed. 3A (1947) pp. 277–284.

As to what particular items of taxable costs should be allowed the wording of section 1920 is, of course, the basic rule. Ordinarily there is no difficulty with respect to (1) "fees of the clerk and marshal;" nor with regard to (2) "fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;" nor for (3) "fees and disbursements for printing and witnesses;" nor for docket fees expressly allowed under section 1923 of title 28; but there has been and doubtless still will be difficulty in applying (4) "fees for exemplification and copies of *papers necessarily obtained for use in the case*".

The instant case illustrates this.

With this preliminary statement of the now applicable law, I come to a consideration of the items on the plaintiffs' bill of costs submitted to the clerk by their counsel under affidavit, which are objected to by defendants' counsel in their motion to re-tax the costs.

1. The item of $1.03 for registered mail to Arnold Cole. The jurisdiction of the court was based upon diversity of citizenship. Arnold Cole was stated in the complaint to be a citizen of New York. Constructive service on him was made by service of summons on the Secretary of State of Maryland under the Maryland statute relating to use of Maryland highways. The registered notice to him was incidental thereto. The item will be allowed and indeed was not seriously disputed by counsel for the defendants at the argument.

Item. 4. Architect's drawing of intersection $30.

Item 5. Photographs of intersection $21.42.

Counsel for the defendants contends that such items have not heretofore generally been allowed, and I think he is correct in saying so; but on consideration I conclude that these items of costs should be allowed in this case. A similar view was taken by District Judge Hincks of Connecticut in a very recently decided case containing an excellent discussion of various items of taxable costs in dispute in an automobile collision case. Hancock v. Albee, D.C. Conn., 11 F.R.D. 139, 140. There he allowed $100 as the cost of a map by a competent surveyor, and indicated that the cost item of $15 for photographs of the damaged car would have been allowed had they not been included as items of recoverable damages given in evidence by one of the parties. Experience with regard to the trial of automobile collision cases certainly demonstrates the convenience and helpfulness of having clear and readily understandable maps or plats of the place (frequently a street or road intersection) where the accident occurred; and photographs of the place and of the damaged car are also helpful to an understanding of the testimony. I think they are certainly reasonably necessary for the presentation of the case to the jury. However, the court has some discretion as to whether the charges paid by the parties are reasonable and taxable under particular circumstances. The cost or the number may be unnecessarily large. Furthermore, if photographs are not actually put in evidence by consent or by evidence which sufficiently demonstrates their admissibility, the prevailing party should not be reimbursed for the cost of obtaining them. Such maps and photographs are material aids to the understanding of the case by the judge or jury and can, I think, fairly be considered copies of papers necessarily obtained for use in the case.

■ Cost of stenographer's transcript of depositions as taxable items. The plaintiffs' bill of costs includes the items of (a) deposition expenses of Marilyn Brown Hansen, $33.15; (b) deposition expense of Robert E. Bradley, Jr., and Arnold Cole, $53.25. Marilyn Brown Hansen was the plaintiff in the case. Her deposition was taken for discovery by defendants' counsel. Plaintiffs' counsel obtained a copy of the transcript for his possible convenience and use at the trial. It is this expense item which the plaintiffs claim as taxable in this case. Bradley and Cole were defendants in the case. Their depositions were taken by counsel for the plaintiffs. The taxable item claimed is the cost of the stenographer's transcript of their testimony. All three witnesses appeared at the trial of the case and testified in person. Their depositions, therefore, were not of themselves admissible in evidence and were in fact not offered, as I recall it, although possibly plaintiffs' counsel may have asked one or more rather inconsequential questions of the defendants with regard to their discovery depositions. I conclude that these two items should be disallowed in this case. But as some questions may arise in subsequent cases in this court, it may be helpful to submit the following comments with regard to taxation of expenses of obtaining transcripts of depositions taken for discovery when they are not offered in evidence by reason of the absence of the witnesses in person.

Depositions of witnesses taken for discovery before trial are not ordinarily stenographically reported by the official court reporter and I understand were not so reported in this case. It may therefore be disputable whether they are properly taxable items under section 2 of section 1920 reading "Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case". Judge Hincks in the Albee case, supra, thought that the history of the federal statutes with regard to depositions, culminating in 28 U.S.C.A. § 1920, fairly included such stenographic expenses although not those of the official court reporter; while Judge Lederle of Michigan is apparently of the contrary opinion. Copeman Laboratories Co. v. Norge Division of Borg-Warner Corp., D.C., 89 F.Supp. 161–163. But if the item is not taxable because

the transcripts were not made by the official court reporter, it is possible that the expense could be allowed under section 4 of 1920 which reads: "Fees for exemplification and copies of papers necessarily obtained for use in the case". However, if favorable at all it seems clear enough that the allowance of such items is discretionary with the court and in the instant case I do not think the items should be allowed. The taking of depositions of the adverse party in civil cases has now become almost universal. It is taken primarily for the information and convenience of the party who takes it and for his advantage in preparation for trial. Very often the stenographic report of such adversary proceedings is lengthy and prolix and proportionately costly. If the deposition so taken is that of the parties to the case it is seldom if ever offered in evidence because naturally the party prefers to appear and testify in person. It has also become very customary, as I note from observation from the Bench, that counsel for the party taking the other's deposition brings to the trial table a copy of the transcript and not infrequently asks one or more questions on cross-examination of the adverse witness in court with respect to whether on his prior deposition he did not use different language. Of course it is possible in any given case that such questions on cross-examination may be important if they disclose a really material difference in fact or in meaning between the prior deposition and the later oral evidence given in court; but as a result of the hearing of many cases in which such references to prior discovery depositions has been made by counsel for the adverse party, I do not recall any case in which as a matter of fact the cross-examination in that respect was of any real value. On the contrary it generally seems to unnecessarily prolong the examination and tend to show at the most merely immaterial variations of phraseology not amounting to any substantial contradiction in fact. It is my view that such use of discovery depositions is seldom desirable, and I do not think it wise to encourage a policy which will by accumulating taxable court costs, tend against the main objective of the Federal Rules of Civil Procedure which, in section 1 states that the rules shall be used to secure the just, speedy and inexpensive determination of every action.

■■■■ At the hearing of the motion in this case plaintiffs' counsel asked permission to amend his bill for costs by adding thereto attendance fees for two witnesses who were not subpoenaed, one from Baltimore and the other from Philadelphia, plus the mileage fees for the latter. The one day attendance fees for the two witnesses would be a comparatively small amount but the mileage fees for the Philadelphia witness would be substantial if allowed. There is clear authority for the allowance of fees of witnesses who attend and testify even if not subpoenaed; and if they are subpoenaed to attend but are not called to testify, nevertheless in some cases their fees may be allowed if it is affirmatively shown that their attendance was reasonably necessary, as, for instance, in a case where at the defendant's request at the conclusion of the plaintiff's case there is a directed verdict for the defendant thus making the testimony of his witness unnecessary. See Spiritwood Grain Co. v. Northern Pac. Ry. Co., 8 Cir., 179 F.2d 338–344. In this present case the plaintiff used the depositions of two Philadelphia doctors, the expense of which has been allowed as taxable costs. The doctor from Philadelphia just referred to was, as I recall the case, a medical expert who was referred to by defendants' counsel as a "surprise" witness. Under all of the circumstances of this case I conclude that the request for taxation of these additional items of costs should be disallowed. Expert medical advice was readily obtainable here in Baltimore without the accumulation of substantial additional witness fees for mileage from Philadelphia nearly a hundred miles away. The plaintiffs also had ample medical testimony in the case without the necessity of calling an expert from Philadelphia. Expert medical testimony is very usually compensated by the party calling him or her and that would not be a taxable item of expense. Very probably the expert's fee for attendance in-

cluded his personal expense in attendance. But however that may be, in view of the lateness of the application for the addition of these items and the absence of notice thereof to defendants' counsel prior to the hearing of the motion, I think the application for the amendment of the cost bill should be and it is hereby denied.

As I have previously noted, motions for re-taxation of costs have been infrequent in this court and it is obviously desirable in the interests of economizing time both for lawyers and the court itself that differences between parties as to minor items of taxable court costs should be settled without the necessity of formal argument by motion heard by the judge in court with the attendance, of course, of all the necessary court personnel and the lawyers themselves. The very desirable practice to avoid the necessity for such formally considered matters is a practice which I understand is currently followed in the clerk's office here. Where there is any original dispute between counsel as to the propriety of particular cost items, the clerk requires the prevailing party to submit an itemized bill of costs which is referred for approval or comment to counsel for the adverse party. In most cases a conference of opposing counsel and the clerk results in an agreement or acquiescence of the parties and results in avoidance of consumption of further time where the items in dispute are comparatively inconsiderable and their allowance or disallowance is not a matter of substantial principle.

It is desirable, of course, that the practice with regard to what items of costs are allowable and what are generally not allowable be generally understood by members of the Bar. While no invariable rule can be formulated derived from numerous cases, it is hoped that this outline of the present principal for applicable provisions of the statute and rules may be helpful in avoiding difficulties that might arise in other cases. As the same counsel often represent either the plaintiff or the defendant in different cases, the spirit of co-operation would seem desirable wherever reasonably possible.