**Mary K. HILL and Randolph S. Hill,
Plaintiffs,**

v.

**Juan B. GONZALEZ, D.D.S. and Mayo
Clinic, a corporation, Defendants.**

**No. 1–70–Civ–254.**

United States District Court,
D. Minnesota,
First Division.

Aug. 11, 1971.

Hoke & Larson, David W. Larson, Minneapolis, Minn., for plaintiffs.

Dorsey, Marquart, Windhorst, West & Halladay, Jan D. Stuurmans, Minneapolis, Minn., for defendants.

1. The compound used to make the impression of plaintiff's hand and found to be the cause of plaintiff's injuries. Twin City Testing was employed by plaintiff to conduct scientific tests as to the heat generated by the compound as it sets up and hardens and to prepare temperature-time charts. Plaintiff was charged $625 for the tests and findings and $556 for the expert testimony of the chemist. Plaintiff seeks to recover as part of his costs the $625 charged for administration of the tests and the chart preparation.

2. 28 U.S.C. § 1821 sets the attendance fee at $20.00 per day. 28 U.S.C. § 1920 states that the court (or Clerk) may tax as costs the following items:

DEVITT, Chief Judge.

The matter before the court is a timely motion under Rule 54(d) of the Federal Rules of Civil Procedure to review taxation of costs by the Clerk of Court.

Plaintiff sued defendants for personal injuries suffered as a result of medical treatment obtained by plaintiff wife from defendant doctor working at defendant clinic. Plaintiff alleged she suffered severe burns from the immersion of her hand into a chemical compound prepared by defendants, and as a result, two of her fingers were amputated. On April 26, 1971, a judgment for plaintiff was entered pursuant to a jury verdict in the amount of $81,500. This amount was reduced by the court to $65,000, and an appeal was taken.

Defendant claims that the costs taxed against him improperly included a disbursement in the sum of $625 paid to Twin City Testing and Engineering Laboratory, Inc. for the testing of Coecal and the preparation of temperature-time charts.[1]

Two sections of Title 28, United States Code, are involved, 28 U.S.C. § 1821, pertaining to the per diem and mileage allowable to witnesses, and 28 U.S.C. § 1920, pertaining to the taxation of costs.[2] Taxation of costs is performed initially by the Clerk and his decision is then reviewable by the court under Rule 54(d).[3]

"(1) Fees of the clerk and marshal;
(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
(3) Fees and disbursements for printing ing and witnesses;
(4) Fee for exemplification and copies of papers necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title."

3. Rule 54(d) provides: "Except when express provision therefor is made either in

Although plaintiff has consolidated the charges from Twin City Testing, in reality what he is asking for is two items, the cost of conducting the tests, and the cost for the preparation of the temperature-time charts which were admitted into evidence at trial. On these items, the costs were not properly taxable.

The chemist who conducted the scientific tests involved was qualified, based on these tests, and testified at trial as an expert witness. In his affidavit supporting plaintiff's brief in opposition to defendant's motion here, the chemist indicated he was aware of no similar tests available on the exothermic reaction of the product. In order to become qualified as an expert witness it was thus necessary for him to have conducted the testing. The general rule is that expert witnesses are entitled to the regular statutory witness fee only, and costs actually incurred above that amount are not taxable. American Steel Works v. Hurley Construction Co., 46 F.R.D. 465 (D.Minn. 1969). Here the costs insofar as they are for the testing of the product must be considered to be fees for an expert witness in excess of the statutory amount and thus not properly taxable.

Plaintiff claims that these costs should be allowed under § 1920 as fees for exemplification and copies of papers necessarily obtained for use in the case. Although Rule 54(d) does indicate that generally costs shall be allowed as of course to the prevailing party, it is discretionary with the court whether particular items when objected to should be allowed. Hansen v. Bradley, 114 F.Supp. 382 (D.Md.1953). Plaintiff argues since the reports of the testing were received into evidence and were necessary and helpful to the expeditious and proper trial of the issues, the cost of their production is properly taxable. Although the admission of items into evidence may indicate their necessity, this is not the determining factor and the issue remains as to each item whether they are actually required or necessary in the trial and determination of the issues. North Butte Mining Co. v. Anaconda Copper Mining Co., 6 F.R.D. 267 (D.Mont.1946). For the costs of their preparation to be taxed they should be more than merely admitted, they should be indispensable to the development of the case. Department of Highways v. McWilliams Dredging Co., 10 F.R.D. 107 (W.D.La. 1951). Thus charts prepared and used at trial may be of two types, those merely illustrative of the witness's testimony and those which of themselves are of vital importance to the determination of the issues. The costs of those which are more than illustrative are properly taxable. On the contrary, the expense of obtaining charts which are not more than illustrative, or those which are not indispensable to a decision of the issues may not be taxed as costs of the litigation. See R. Peck, Taxation of Costs in United States District Courts, 37 F.R.D. 481 (1963).

Although the court is not limited by § 1920 to those items specifically provided in the statute, Kemart v. Printing Arts Research Lab., 232 F. 2d 897 (9th Cir. 1956), discretion in the taxing of costs should be exercised sparingly with reference to expenses not specifically allowed by statute. Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). When items not listed in the statute are sought, the proper procedure would be an application to the court for an approving order in advance of trial. Euler v. Waller, 295 F.2d 765 (10th Cir. 1961).

The court is aware of the case of W. F. & John Barnes Co. v. International Harvester Co., 145 F.2d 915 (7th

a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs: * * * "

Cir. 1944), cited by plaintiff, holding that even without prior authority costs may be properly taxable as to items which the court believes are reasonably necessary and helpful to the trial of the issues. In the instant case, unlike the complex *Barnes* case, the issue involved did not call for use of the charts. The court believes that the charts served no purpose other than to illustrate the testimony of the expert witness.

Perhaps the best recent statement of the issues involved under § 1920 is found in the case of Advance Business Systems & Supply Co. v. SCM Corp., 287 F.Supp. 143, 164 (D.Md.1968), aff'd (rem'd) on other grounds, 415 F.2d 55 (4th Cir. 1969), cert. denied, 397 U.S. 920, 90 S.Ct. 928, 25 L.Ed.2d 101 (1970), where costs were sought for fees of accountants who collected and analysed data and prepared charts and schedules which were introduced as exhibits at trial. The court said, "It is true that the reasonable expense of preparing maps, charts, graphs, and kindred materials is taxable under 28 U.S.C. § 1920(4) when necessarily obtained for use in the case. * * * But expert witness fees * * * are generally not taxable as costs. * * * The cost of exhibits which are merely illustrative of or incidental to expert testimony is not taxable."

In the instant case the charts in question were not requested by the court, nor was prior approval for their use sought. In addition they were not necessary to an understanding of the case but merely illustrative of the testimony of the expert witness. As such, the cost of their preparation was not properly taxable.

It is ordered that the Clerk of Court delete from the costs taxed and allowed in favor of plaintiffs the sum of $625.00 taxed for the testing of Coecal by Twin City Testing and Engineering Laboratory and for the preparation of the temperature-time charts.