Bob KEDERICK, Plaintiff,

v.

B. F. HEINTZLEMAN, Governor of the
Territory of Alaska, et al.,
Defendants.

No. A–10964.

District Court, Alaska
Third Division, Anchorage.

June 19, 1956.

See also 132 F.Supp. 582.

John E. Manders, Anchorage, Alaska,
for plaintiff.

Raymond E. Plummer, Anchorage,
Alaska, for defendant Riley.

J. Gerald Williams, Atty. Gen., for Territory of Alaska and Territorial Agencies.

McCARREY, District Judge.

This is an ancillary proceeding brought by the defendant Burke Riley, asking allowance of his costs and disbursements which he prays to have awarded him for the reason that a motion to dismiss as to him was granted by the court.

The original action arose upon a complaint for injunctive and other relief to restrain the governor of the Territory of Alaska and others, named as defendants herein, from certifying the defendant Burke Riley as a candidate to the Territorial Constitutional Convention, and to enter an order disqualifying all members of the Twenty-second Legislature of the Territory of Alaska from serving as members of the Constitutional Convention. The plaintiff Bob Kederick

sued as a candidate for said convention and as a citizen.

The plaintiff contended that the defendant Burke Riley was disqualified to hold the office of a delegate to the Constitutional Convention for the reason that he was a member of the legislature which passed the act creating the office and, as such member, he voted for the law which created an office with a substantial salary and other emoluments, contrary to section 11 of the Alaska Organic Act, 48 U.S.C.A. § 82, which prohibits a member of the legislature from holding any office that had been created, or for which the salary or emoluments had been increased, while he had been a member of the legislature, during the term for which he was elected and for one year after the expiration of such term.

An immediate hearing on the merits of this case was necessitated since the deadline for certification of the candidates was fast approaching. Further, the cause of action was one of first impression here in the Territory of Alaska, necessitating considerable research by all parties; hence, counsel stipulated to waive the customary notice and service of papers provided for under the rules.

The first hearing in this case came before the court upon an order to show cause, at which time counsel for the defendant moved to have the case dismissed as against the defendant Burke Riley on the grounds that he was not a proper party defendant. For the reasons stated before, the court's decision upon the motion was reserved and the case was heard upon the merits; however, the findings of fact and conclusions of law specifically provided that jurisdiction of that portion of the case was retained by the court for the purpose of passing upon Burke Riley's motion to dismiss.

Counsel for defendant Burke Riley argues that Riley is entitled to costs and disbursements in this action since he was not a proper party, stating that he was in the same position as some 22 other like members of the same legislature, who had filed their petitions for candidacy, and that since his motion to dismiss was ultimately granted, he, Burke Riley, was the prevailing party within the purview of sections 55–11–51 and 55–11–52 of the 1949 Compiled Laws of the Territory of Alaska, and of rule 54 (d), Fed.Rules Civ.Proc., 28 U.S.C.A., providing for the compensation of attorneys and costs.

Counsel for the plaintiff, contrawise, takes the position that the plaintiff was the prevailing party as set forth in the opinion of the court, (see opinion of court filed June 24, 1955) and, hence, should not be legally liable for the costs and disbursements now moved for by the defendant Riley.

■ The original cause in this case has its basis in equity; accordingly, the rules governing the assessment of costs in ordinary legal matters are not here applicable. It is settled law that costs in equity proceedings are matters within the discretion of the court. Newton v. Consolidated Gas Company of New York, 1924, 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909. The court may award costs either to the successful or to the defeated party, or may apportion the costs among the parties in the action. Kell v. Trenchard, 4 Cir., 1906, 146 F. 245; United States v. Bowden, 10 Cir., 1950, 182 F.2d 251.

■ Ordinarily, the prevailing party would be awarded costs in a court of equity, but if the facts of the case disclose equitable considerations requiring a different conclusion, the court may tax them to the successful party. Turner v. Johnson, 1888, 95 Mo. 431, 7 S.W. 570.

If it is necessary for one who has no interest in the cause and against whom no relief can be given, to answer, the action, on proper motion, will be dismissed as to him with costs. 20 C.J.S., Costs, § 101, p. 351; Moore v. Hanscom, 1908, 101 Tex. 293, 106 S.W. 876. It has also been held that a person is entitled to recover his costs if no cause of action is established against him, and he is not shown to have an interest in the subject matter of the litigation. 14 Am. Jur., sec. 30, p. 20.

A party who is unnecessarily made a party is entitled to his costs upon dismissal, but this is not true where the party makes a defense which is not necessary to protect his rights. 20 C.J.S., Costs, § 101, p. 351; McKinnon v. McDonald, 1857, 57 N.C. 1, 72 Am.Dec. 574; Barker v. Burton, 67 Barb.N.Y., 458.

In the McKinnon case, supra, the leading case of Bliss v. Anaconda Copper Mining Co., C.C.Mont.1909, 167 F. 1024, and Associated Almond Growers v. Wymond, 9 Cir., 69 F.2d 912, at page 914, the courts proceed on the basis that if the problem involved in the litigation is one of general interest and the prevailing party is not wholly without benefit because of the instigation of the proceedings, it may be proper to apportion the costs on an equitable basis and, as in the Bliss case, each may be made to bear his own.

Certainly the defendant Riley cannot argue that he was not an interested party in the outcome of this lawsuit, nor can he now argue that it was necessary for him to answer where no relief was asked against him, personally.

For the reason that the plaintiff was the prevailing party in the cause of action, and because of the public interest, the special nature of the case and the interest the defendant Riley had in the outcome of the case, in that he was not only a candidate for the Constitutional Convention but was also a member of the 1955 Legislature which passed the law calling for a Constitutional Convention, and since, if elected, he would have received emoluments and salary contrary to section 11 of the Organic Act, and since, under ruling of the court, he would have been precluded from having his name certified on the ballot unless Congress had passed enabling legislation to remove the prohibition found in section 11 of the Organic Act of the Territory of Alaska, and for the further reason that defendant Riley answered where a defense was not necessary, I find that he is not entitled to costs and disbursements herein, as heretofore announced orally in court.