**BENNETT CHEMICAL COMPANY,**
Plaintiff,

v.

**ATLANTIC COMMODITIES, LIMITED,**
Defendant.

United States District Court
S. D. New York.
June 26, 1959.

Cahill, Gordon, Reindel & Ohl, New York City, Lawrence W. Keepnews, Joseph P. Conway, New York City, of counsel, for plaintiff.

Alfred S. Julien, New York City, for defendant.

DAWSON, District Judge.

This is a motion by defendant Atlantic Commodities, Ltd., pursuant to Fed.Rules Civ.Proc. rule 54(d), 28 U.S.C.A., to review the action of the Clerk of the Court

in taxing certain costs and for an order retaxing costs in the above action.

The first trial of this action resulted in a mistrial when the jury was unable to agree upon a verdict, and a second trial was held by this Court on May 5, 6 and 8, 1959. The Court directed a verdict for the plaintiff on the complaint and the jury rendered a verdict for plaintiff on defendant's counterclaim.

Thereafter plaintiff served a Bill of Costs and costs were taxed in the amount of $1,920.74, after a hearing before a Deputy Clerk of this Court. Defendant now objects to the taxation of certain items as costs and brings this motion seeking review by this Court.

The items and fees which were allowed are as follows:

| | | |
|---|---|---:|
| 1. | Fees of the Clerk .................................... | $ 15.00 |
| 2. | Fees of the Marshal ................................ | 3.00 |
| 3. | Fees of the Court Reporter for all or any part of the transcript necessarily obtained for use in the case .. | 263.25 |
| 4. | Fees for witnesses ................................ | 891.68 |
| 5. | Fees for copies of papers necessarily obtained for use in the case (trial exhibits) ...................... | 10.08 |
| 6. | Fees for translation .............................. | 9.50 |
| 7. | Docket fees under 28 U.S.C. § 1923 (two trials) ..... | 20.00 |
| | Costs incident to taking depositions: | |
| 8. | Fee for transcript of deposition of Milton A. Nelson taken by plaintiff ............................ | 170.25 |
| 9. | Fees for copies of papers obtained as plaintiff's deposition exhibits .................................. | 16.22 |
| 10. | Fees of Richard E. Bennett as witness (3 days' attendance and travel and subsistence plus mileage for 1286 miles) .................................. | 241.76 |
| 11. | Cost of $250 bond as security for costs ............. | 30.00 |
| 12. | Attorney's fee on said motion (awarded by Edmund L. Palmieri, D. J., by order dated January 8, 1957) ... | 250.00 |
| | Total | $1,920.74 |

Defendant does not object to items Nos. 1, 2 and 12. Thus items Nos. 3 through 11 are the subject of defendant's exceptions. A review of these allowed costs follows:

3. Fees of the Court Reporter for All or Any Part of the Transcript Necessarily Obtained for Use in the Case .......................$263.25

■ Defendant contends that these stenographic transcripts which were made during the trials were secured by the plaintiff on a daily basis for its own use, without any direction of the Court. Plaintiff contends that the transcripts were utilized in preparing his trial memorandum in the first trial, in preparing for cross-examination and in preparing for the second trial.

Rule 54(d) of the Rules of Civil Procedure provides:

"Costs. Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs * * *."

Under this rule the courts have been held to have wide discretion in the fix-

ing of costs. United States v. Bowden, 10 Cir., 1950, 182 F.2d 251; Truth Seeker Co. v. Durning, 2 Cir., 1945, 147 F.2d 54; Kederick v. Heintzleman, D.C.D. Alaska 1956, 141 F.Supp. 633; 6 Moore, Federal Practice, Par. 54.70 [5] (2d Ed. 1953).

Title 28 U.S.C.A. § 1920 provides for the taxation of costs for stenographic transcripts. That statute provides:

> "§ 1920. Taxation of costs.
>
> "A judge or clerk of any court of the United States may tax as costs the following:
>
> \* \* \* \* \* \*
>
> "(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case."

The courts have held under this section that it is within their discretion to determine whether or not the stenographic transcript is "necessarily obtained for use in the case," and this appears to be the reasonable meaning and intent of the language of the statute. See Perlman v. Feldmann, D.C.D.Conn.1953, 116 F.Supp. 102, reversed on other grounds, 2 Cir., 219 F.2d 173, 50 A.L.R.2d 1134, certiorari denied 1954, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277; Kemart Corp. v. Printing Arts Research Laboratories, Inc., 9 Cir., 1956, 232 F.2d 897, 57 A.L.R.2d 1234; Cooke v. Universal Pictures Co., D.C.S.D.N.Y.1955, 135 F.Supp. 480; 6 Moore, Federal Practice, Par. 54.77 [7] (2d Ed.1953).

Further, Rule 8 of the Civil Rules of the Southern District of New York, provides:

> "Subject to the provisions of Rule of Civil Procedure 54(d), the expense of any party in necessarily obtaining all or any part of a transcript, *for purposes of a new trial,* or for amended findings or for appeal shall be a taxable cost against the unsuccessful party at the rate

prescribed by the Judicial Conference." (Emphasis supplied.)

Insofar as the transcript was used on the new trial, taxation of the expenses of securing the transcript was certainly proper. However, defendant contends that it was charged for a transcript secured by the plaintiff *on a daily basis* for its use in the first trial. The Court can see no reason why it became necessary to secure a daily copy of the transcript during the first trial or why the cost of the transcript properly obtained for use at the second trial should be computed on the daily basis. The Court allows fees of the Court Reporter for transcript of the testimony taken in the first case, but only to the extent of a transcript of that testimony taken as such and not on a daily basis. To this extent the costs shall be retaxed.

4. Fees for Witnesses ....$891.68

Defendant produced, as witnesses on its behalf at the trial, Messrs. Bennett and Jasper. Neither one was subpoenaed and each one came more than a hundred miles to the Court. Defendant contends that charges for travel of witnesses out of the district are not taxable.

The statutory provision for allowance of costs provides that there may be taxed as costs

> "\* \* \* fees and disbursements for \* \* \* witnesses." 28 U.S.C. § 1920(3).

Any allowance is based on the premise that the testimony of the witness is relevant and material. In this action the Court finds that the presence of these witnesses was necessary and their testimony was relevant. Mr. Bennett was an officer of plaintiff corporation and attended both trials as a witness. He sought no individual relief, and his interest and presence was for the benefit of the corporation. The contention that the Court must deny allowances to witnesses who travel more than 100 miles is without merit

This Court in Bank of America v. Loew's International Corp., D.C.S.D.N.Y. 1958, 163 F.Supp. 924, Dawson, J., in holding that witnesses were allowed to recover mileage fees in excess of 100 miles, stated:

"This limitation upon what seems to be a clear statutory provision seems to be predicated upon the fact that a witness may be subpoenaed only within the District, or within a radius of 100 miles from the place of trial, and that this limitation limits the distance for which any witness may properly require his transportation expenses to be paid. Such limitation has been frequently applied to taxation of costs, but seems to have no basis in either the statute or in the realities of modern trials. It is well established that transportation expenses of witnesses will be taxed as costs, even though a witness has not been subpoenaed.

\* \* \* \* \* \*

"While the limitation on taxable costs incident to the transportation of witnesses, of an allowance for not more than 100 miles or the limits of the District, seems to have been approved by numerous cases in all except the First Circuit. [Citing cases] \* \* \* it would seem that this limitation is no longer realistic and that to impose such limitation in actions such as the present one would be a complete negation of the clear provisions of the statute." 163 F.Supp. at pages 929–930.

See, also, Maresco v. Flota Mercante Grancolombiana, S.A., D.C.E.D.N.Y. 1958, 167 F.Supp. 845.

■ Further, attendance fees and subsistence allowances are not restricted to the actual day upon which the witness testifies, but are allowable for each day that the witness necessarily attends the trial. W. F. & John Barnes Co. v. International Harvester Co., 7 Cir., 145 F.2d 915, certiorari denied, 1944, 324 U.S. 850, 65 S.Ct. 687, 89 L.Ed. 1410; 6 Moore, Federal Practice, Par. 54.77 [5] (2d Ed.1953). For these reasons the allowance of this item is sustained.

5. Fees for Copies of Papers Necessarily Obtained for Use in the Case (Trial Exhibits) ............. $10.08

■ The expenses of preparing copies of papers necessarily used in the trial is an allowable expense for which costs may subsequently be taxed. Cincinnati Traction Building Co. v. Westinghouse Air Brake Co., D.C.W.D.Pa.1939, 27 F.Supp. 329; 6 Moore, Federal Practice, Par. 54.77 [6]. (2d Ed.1953). In the opinion of this Court these costs were necessary in preparing plaintiff's case and are allowable items under the statute. 28 U.S.C.A. § 1920.

6. Fees for Translation ...... $9.50

■ This minimal amount for translation is allowable in the Bill of Costs as the translations were necessary for use in the action. Gotz v. Universal Product Co., D.C.D.Del.1943, 3 F.R.D. 153; Raffold Process Corp. v. Castanea Paper Co., D.C.D.Pa.1938, 25 F.Supp. 593. This expenditure was necessary for exemplification of matters before the Court and is a properly taxable cost. 28 U.S.C.A. § 1920(4).

7. Docket Fees Under 28 U.S.C. § 1923 (Two Trials) ............ $20.00

■ A court, in the exercise of sound discretion, may tax docket fees incurred in actions brought on for trial or final hearing. United States v. Erie R. Co., 6 Cir., 1952, 200 F.2d 411; 6 Moore, Federal Practice, Par. 54.71 [1] (2d Ed. 1953). This Court, in its discretion, under the appropriate statute, sustains the taxing of this cost by the Clerk of the Court. 28 U.S.C.A. § 1923. Further, this cost was properly taxed as it was clearly necessary and proper in presenting plaintiff's case. See 28 U.S.C.A. § 1920.

8. Fee for Transcript of Deposition of Milton A. Nelson Taken by Plaintiff ........................$170.25

 Plaintiff maintains that the deposition of Mr. Nelson, president of defendant corporation, was necessary to plaintiff's preparation for trial and was used during both trials for purposes of cross-examination. The Court finds that the use of this deposition was reasonably necessary to the conduct of the trial. In such cases the costs expended by a party should be allowed. Bank of America v. Loew's International Corp., D.C.S. D.N.Y.1958, 163 F.Supp. 924; Hope Basket Co. v. Product Advancement Corp., D.C.W.D.Mich.1952, 104 F.Supp. 444; Donato v. Parker Pen Co., D.C.S.D.N.Y. 1945, 7 F.R.D. 148; Hancock v. Albee, D.C.D.Conn.1951, 11 F.R.D. 139, 141.

9. Fees for Copies of Papers Obtained as Plaintiff's Deposition Exhibits ........................$16.22

In the opinion of this Court this item was properly taxed as necessary in properly preparing and presenting plaintiff's case. See 28 U.S.C.A. § 1920. 6 Moore, Federal Practice, Par. 54.77 [6] (2d Ed.1953).

10. Fees of Richard E. Bennett as Witness (3 Days' Attendance and Travel and Subsistence Plus Mileage for 1286 Miles) ......................$241.76

Mr. Bennett attended his deposition pursuant to order of this court per Sugarman, J. The taxation as costs of his necessary travel fees and subsistence allowance was proper. 28 U.S. C.A. § 1821. See also, Bank of America v. Loew's International Corp., D.C.S.D.N. Y.1958, 163 F.Supp. 924.

11. Cost of $250 Bond as Security for Costs .....................$30.00

This cost for a non-resident bond posted by plaintiff was a proper subject for taxation as costs. 6 Moore, Federal Practice, Par. 54.77 [8] (2d Ed. 1953).

For the reasons set forth above, the taxation of costs by the Clerk of the Court, except for daily copy of the transcript, is sustained, and the exceptions are overruled. So ordered.