Dave **FLEISCHER**, individually and as Trustee in dissolution of Fleischer Studios, Incorporated, a Florida Corporation, Plaintiff,

v.

**A.A.P. INC.**, P.R.M. Productions, Inc., U.M. & M. T.V. Corp., W.P.I.X., Inc., Paramount Pictures, Inc., Paramount Pictures Corporation, Dumont Broadcasting Corporation, Flamingo Films, Inc., Fleischer Studios Incorporated, a New York Corporation, Max Fleischer, individually and as cotrustee with plaintiff Fleischer Studios, Incorporated, a Florida Corporation, Associated Artists Productions, Inc., King Features Syndicate, Inc., Defendants.

United States District Court
S. D. New York.

Sept. 10, 1964.

See also 2 Cir., 329 F.2d 424.

mined or remain undisputed. But Cf. Cooper v. North Jersey Trust Co. et al., 226 F.Supp. 972 (S.D.N.Y.1964).

Gustave B. Garfield, New York City, for plaintiff.

Phillips, Nizer, Benjamin, Krim & Ballon, New York City, George Berger, New York City, of counsel, for defendants.

TENNEY, District Judge.

This is a motion brought by plaintiff, the losing party, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, to review the taxation of costs by the Clerk of this Court.

In addition, defendant Paramount Pictures Corporation (hereinafter referred to as "defendant Paramount"), in its affidavit in opposition to plaintiff's motion, requests that the Clerk be directed to re-tax the costs as submitted.

The gist of the complaints filed in this action alleged that defendant Paramount

and its codefendants deprived plaintiff Dave Fleischer of his proper share of the proceeds to various motion picture cartoons. The present action, seeking an accounting, was originally filed in October of 1957; an amended complaint, adding a cause of action for alleged anti-trust violations, was served the following month. In July 1959, Judge Palmieri dismissed the anti-trust claim, 180 F. Supp. 717 (S.D.N.Y.1959); plaintiff served a second amended complaint, once again requesting an accounting. This claim was finally dismissed on a motion for summary judgment by Chief Judge Ryan in September 1963, 222 F.Supp. 40 (S.D.N.Y.1963). Subsequently, Chief Judge Ryan denied defendant Paramount's motion to add $15,000. to its bill of costs as counsel fees. In the interim, plaintiff had appealed from the decision of Chief Judge Ryan granting summary judgment and dismissing his complaint. Defendant then cross-appealed from the denial of counsel fees, and both appeals were heard together. The Court of Appeals affirmed both the grant of summary judgment and the refusal to award as costs defendant's counsel fees. Fleischer v. Paramount Pictures Corp., 329 F.2d 424 (2d Cir. 1964). No costs had been taxed in the district court prior to the appeal and no costs were awarded by the Court of Appeals.

Plaintiff's main point in support of his motion is that the Clerk of the Court had no power to tax costs on a judgment which had been appealed without the taxation of costs and which had been unanimously affirmed without an award of costs by the Court of Appeals. Plaintiff also urges that the failure of defendant Paramount Pictures Corporation to tax costs before affirmance without costs constitutes a waiver of costs.

Rule 54(d) of the Federal Rules of Civil Procedure provides that:

"Except when express provision therefor is made either in a statute of the United States or in these rules, *costs shall be allowed as of course to the prevailing party unless the court otherwise directs*; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law. Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court. (Emphasis added)"

The aforesaid stated rule does not provide a timetable for the taxing of costs. It does not require that costs be taxed prior to appeal. In short, no time restrictions are placed on the taxing of costs.

If this Court were to adopt plaintiff's reasoning and require the taxation of costs prior to appeal, then, in situations wherein the Court of Appeals reverses a prior district court decision, the party prevailing on appeal would be barred from taxation of costs. Such a theory is without logic or authority. Accordingly, a party should not be required to tax costs prior to an appeal.

It is defendant Paramount's position that it proceeded in the only logical manner, in that following the granting of its motion for summary judgment it moved for an award of counsel fees. Paramount further states that since an allowance of counsel fees would have been the major item of its bill of costs, it would have been senseless to tax costs before Chief Judge Ryan, and thereafter the Court of Appeals for the Second Circuit, ruled on that question.

Paramount also urges that had it been successful and adhered to plaintiff's suggested procedure, it would have required two bills of costs instead of one, and that plaintiff was on notice that Paramount would apply for a bill of costs, since its motion for counsel fees was in the form of a request for an addition to its bill of costs.

However, I might observe that there would appear to be no reason why Para-

mount could not have filed a bill of costs prior to its appeal, and then subsequently amended its bill of costs if attorneys' fees were granted by the District Court or the Court of Appeals.

Plaintiff also claims that Judge Herlands eliminated the taxation of costs of plaintiff's deposition to the prevailing party.

It would be appropriate to point out that, prior to Chief Judge Ryan's granting of defendant's motion for summary judgment, Judge Herlands' signed an order on December 24, 1957, directing that the cost of taking plaintiff's deposition in Los Angeles, California, should be taxable costs dependent upon the outcome of the litigation. Judge Herlands, on August 13, 1959, modified his order of December 24, 1957, in the following language:

"All of the provisions of this Court's order dated December 24, 1957, shall remain in full force and effect and shall not be deemed to have been vacated, superseded, modified or amended expressly or impliedly by this Memorandum Decision and Order, except with respect to, and only with respect to (1) the time and place of the taking of the deposition of said plaintiff and (2) the traveling and hotel expenses of defendant's attorneys."

This recitation from Judge Herlands' order certainly dispels any thought that costs were eliminated from the order of December 24, 1957, as claimed by plaintiff.

Plaintiff further raises the point that he would be prejudiced if costs were taxed at this point in the proceeding, in that a judgment solely for costs would not be appealable. It was recently pointed out in this Circuit that, where the issue raised is not whether the district court should have allowed or disallowed a particular item of costs but rather whether the district court is exceeding and therefore abusing its discretion, a judgment solely for costs is appealable.

Farmer v. Arabian American Oil Co., 324 F.2d 359, 361–362 (2d Cir. 1963), cert. granted, 376 U.S. 942, 84 S.Ct. 799, 11 L.Ed.2d 766, (1964); Lichter Foundation, Inc. v. Welch, 269 F.2d 142 (6th Cir. 1959); Kemart Corp. v. Printing Arts Research Lab., Inc., 232 F.2d 897, 57 A.L.R.2d 1234 (9th Cir. 1956); Prudence-Bonds Corp. v. Prudence Realization Corp., 174 F.2d 288 (2d Cir. 1949); Harris v. Twentieth Century-Fox Film Corp., 139 F.2d 571 (2d Cir. 1943); 6 Moore, Federal Practice, ¶ 54.70[5] at 1309 (1953).

Accordingly, it appears that this would be the type of final decision within Section 1291 of Title 28, of the United States Code (28 U.S.C. § 1291 (Supp. 1963)), which gives the Court of Appeals jurisdiction of appeals from all final decisions of the federal district court. Farmer v. Arabian American Oil Co., supra; see Donovan v. Jeffcott, 147 F.2d 198 (9th Cir. 1945).

■ Plaintiff's final contention deals with the amount of costs taxed by the Clerk. Thus he initially argues (a) that Paramount utilized the services of private certified shorthand reporters in the taking of plaintiff's deposition, and (b) that *only* depositions taken by the official court reporters are properly taxable and included within the phrase "stenographic transcript" as set forth in Section 1920 of Title 28, United States Code (28 U.S.C. § 1920 (1950)); therefore the Clerk lacked authority to tax as costs the depositions not transcribed by an official court reporter.

Section 1920 provides that:

"A judge or clerk of any court of the United States may tax as costs the following:

\* \* \* \* \* \*

"(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; \* \* \*."

Though Section 1920(2) does not specifically mention a deposition, prior de-

cisions suggest that depositions are included by implication in the phrase "stenographic transcript". United States v. Kolesar, 313 F.2d 835, 837–838 (5th Cir. 1963); see W. F. & John Barnes Co. v. International Harvester Co., 145 F.2d 915 (7th Cir. 1944), cert. denied, 324 U.S. 850, 65 S.Ct. 687, 89 L. Ed. 1410 (1945); Harris v. Twentieth Century-Fox Film Corp., 139 F.2d 571 (2d Cir. 1943); Cooke v. Universal Pictures Co., 135 F.Supp. 480 (S.D.N.Y. 1955).

The fact that the reporter-stenographer actually taking the deposition is not the official court reporter of the particular court is of no more consequence as to depositions then it would be as to trial evidence taken by a substitute non-official reporter with the consent of the Court. United States v. Kolesar, supra.

██ The next question is whether the transcript of plaintiff Dave Fleischer's deposition was "necessarily obtained for use in the case." It is plaintiff's contention that defendant used only three or four pages of the transcript of the deposition on the motion for summary judgment, and, therefore, as to those portions not used, it was not necessarily obtained for use in the case. Defendant maintains that material portions of the deposition were quoted in the motion for summary judgment and were of crucial importance in pinning plaintiff down on his cause of action.

The examination of plaintiff would seem *relevant* to the issues involved. An examination of the papers on the motion for summary judgment reveals that use was made of part of the deposition as an exhibit attached to the papers.

Moreover, in December 1957, Judge Herlands directed that the costs of taking plaintiff's deposition be a taxable item to the prevailing party. Judge Herlands, in guiding the discovery procedure in this case, was in an excellent position to forecast what was necessarily obtained for use in this case.

Professor Moore, in his treatise, states that:

"As a general principle the costs of taking depositions will be taxed in favor of the prevailing party, if the taking of the depositions was reasonably necessary, even though they may not have been used at the trial."

4 Moore, Federal Practice, ¶ 26.36 at 1697–98 (1963). That principle is applicable to the situation presented in the case at bar.

Undoubtedly, the facts adduced at the taking of such deposition were instrumental to some extent in prompting defendant's counsel to move for summary judgment. The deposition was taken for the purposes of preparation for trial and possible use at the trial. The fact that the action was dismissed prior to trial on defendant's motion for summary judgment is no reason for disallowing the costs of the taking of the deposition. Curacao Trading Co. v. Federal Ins. Co., 3 F.R.D. 261 (S.D.N.Y.1942).

The Court is therefore of the opinion that this deposition "was necessarily obtained for use" in this case in that it was reasonably necessary to defendant's case in the light of the situation existing at the time the deposition was taken. Bank of America v. Loew's Int'l Corp., 163 F. Supp. 924, 930 (S.D.N.Y.1958); Perlman v. Feldmann, 116 F.Supp. 102, 109–112 (D.Conn.1953), rev'd on other grounds, 219 F.2d 173, 50 A.L.R.2d 1134 (2d Cir.), cert. denied, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277 (1954).

Defendant Paramount requests that the Clerk be directed to re-tax the costs of the stenographic minutes of the depositions as submitted on the taxation of costs, as listed below:

Dave Fleischer, plaintiff ....1,252 pages
363 pages at $2.00 .........$ 726.00
406 pages at 1.25 ......... 507.50
482 pages at .50 ......... 241.00
———————
$1,474.50

Max Fleischer, defendant
   538 pages at $ .50 .........$ 269.00
King Features, Inc., defendant
   184 pages at $ .50 .........$   92.00

. The Clerk disallowed the requested daily rate applied to 363 pages of plaintiff Dave Fleischer's deposition and reduced it from $2.00 to $1.25 per page. An examination of the receipted bills attached to Paramount's bill of costs indicates that the private certified shorthand reporter used by defendant charges $2.00 per page for daily copy and $1.25 per page for an original and one copy on a regular basis. The rate for a copy of another party's deposition is $.50 per page.

Plaintiff asks a further reduction of $.25 from the $1.25 amount in that it was allocated for an original and a first copy, a discretion which plaintiff claims the Clerk does not have.

Defendant Paramount counters plaintiff's argument and indicates that the rate of $2.00 per page was reduced by the Clerk to $1.25 per page on the sole ground that plaintiff should not be taxed with additional cost attributable to daily copy service. Defendant Paramount states that the reason that daily copy was ordered was to accommodate plaintiff, who resides in California and was in New York for the taking of his deposition. Defendant Paramount also denies that there was an allocation of $.25 per copy on the lot of 363 pages. Thus Paramount asserts that the Clerk's reduction of the $2.00 daily rate was arbitrary and requests that the higher rate charged by the outside reporter be allowed in full.

■ It appears that the Clerk reduced the $2.00 daily rate of the private reporter to $1.25, the daily rate allowed for an official trial transcript and a copy. The reduction was in line with the rates allowed the official court reporter for a daily transcript and was therefore proper. There is no reason why plaintiff should be taxed at a rate higher than that allowed by the official court reporter for a daily copy.

■ Defendant Paramount has not set forth any persuasive reasons which would justify the necessity of having plaintiff's deposition transcribed on a daily basis. In the absence of any such reasons, the Court deems the daily transcript to be one of convenience rather than necessity. Plaintiff should not be taxed at the daily rate to afford defendant Paramount the convenience of a daily transcript, but should only be charged at the regular rate. Cf., Delaware Valley Marine Supply Co. v. American Tobacco Co., 199 F.Supp. 560 (E.D. Pa.1960); Bennett Chem. Co. v. Atlantic Commodities, Ltd., 24 F.R.D. 200 (S.D. N.Y.1959).

An examination of the rates charged by the official court reporter indicates that the $1.25 daily rate allows for an original and a copy, and it is likely that defendant Paramount obtained a copy of plaintiff's deposition at the earlier daily rate. It is the cost of that copy which plaintiff contends should also be eliminated. The elimination of the cost of a copy of 363 pages of plaintiff's deposition will be treated with the following category which is in dispute.

■ The Clerk allowed 406 pages of the Dave Fleischer deposition at the regular rate of $1.25 per page. An examination of the receipted bills indicates that the $1.25 rate entitled defendant Paramount to an original and a first copy. Since the originals of Dave Fleischer's deposition (both the group of 363 pages as well as this group of 406 pages) were on file in the Office of the Clerk of this Court, the copies of the deposition obtained by defendant Paramount were for its own convenience and not because it was necessary for use in the case. 28 U.S.C. § 1920(2) (1950); Ryan v. Arabian American Oil Company, 18 F.R.D. 206 (S.D.N.Y.1955); Perlman v. Feldmann, supra, at 109–112; see Prashker v. Beech Aircraft Corp., 24 F.R.D. 305 (D. Del.1959); Penner v. Balfe Printing Corp., 21 F.R.D. 299 (D.Mass.1958); Firtag v. Gendleman, 152 F.Supp. 226 (D.D.C.1957); Hope Basket Co. v.

Product Advancement Corp., 104 F.Supp. 444, 450 (W.D.Mich.1952).

Accordingly, defendant is not entitled to $.25 per page for a total of $192.25 allowed for a first copy of 769 pages of plaintiff Dave Fleischer's deposition taken by Paramount.

■ The Clerk properly disallowed 482 pages at $.50 per page of the plaintiff's deposition, taken by a co-defendant of Paramount, in that it was not chargeable to plaintiff. Since defendant Paramount exercised its opportunity of examining plaintiff, it would appear that a copy of plaintiff's deposition taken by a co-defendant was just a convenience, an extra, not necessarily obtained for use in its case.

Therefore the Clerk is sustained in his disallowance of this $241.00 item.

The Clerk also disallowed the cost of the copy of the co-defendant's deposition of Max Fleischer, a co-defendant and cross-claimant, as well as the copy of plaintiff's deposition of King Features, Inc., a co-defendant. The originals were filed, but Paramount claims they subsequently disappeared from the files of the Court, and on this basis urges that since the only copies of said depositions available to it were its own copies, they are taxable as costs.

■ As was indicated earlier, where the original of a deposition is filed in the Clerk's Office of the Court, the prevailing party is not entitled to tax its copy as costs.

■ Because of the disappearance of the original copy of these two depositions, defendant Paramount seeks to tax their cost against plaintiff, the losing party. Under these circumstances, where defendant Paramount had already obtained copies of the depositions in question, and plaintiff, the losing party, had obtained and filed the original transcript, defendant Paramount, the prevailing party, should not be entitled to take advantage of a fortuitous event in order to tax costs against plaintiff, the losing party. The initial or prime basis for obtaining these depositions by defendant Paramount was for the sake of convenience, and the fact that the original filed with the Court disappeared would not affect defendant's use of its copy of the deposition, which it would have utilized in any event.

On the basis of the foregoing, the Clerk properly disallowed the taxing of costs by the defendant Paramount for copies of the Max Fleischer and King Features, Inc., depositions, and, therefore, his ruling is sustained.

Based on the foregoing, costs should be re-taxed on the following items, and in the amounts as listed:

(1) Motion for summary judgment docket fee ........... $ 5.00
(2) Stenographic minutes of depositions of Dave Fleischer, plaintiff—
    363 pages at $1.00
    406 pages at $1.00 ...... 769.00
(3) Clerk's fee for copy of opinion ................. 12.00

                                        $786.00

Settle order on notice.