**Peter J. BRENNAN, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**FRISCH DIXIE, INC., a corporation, and Curtis H. Ehrlich, Individually and as President of Frisch Dixie, Inc., Defendants.**

**No. 6641.**

United States District Court, W. D. Kentucky, Louisville Division.

March 15, 1973.

Marvin Tincher, Regional Atty., U. S. Department of Labor, Nashville, Tenn., for plaintiff.

Irwin G. Waterman, Allan Weiss, Louisville, Ky., for defendants.

### MEMORANDUM AND ORDER

BRATCHER, District Judge.

This action is before the Court on motion of the plaintiff, the prevailing party, to review the denial of taxation of costs by the Clerk of this Court, pursuant to Rule 54(d), Federal Rules of Civil Procedure, 28 U.S.C.

The suit under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219 (1970) was tried before the Court on June 9, 10, 11 and July 21, 22 of 1971. Upon conclusion of the evidence, the case was submitted and a judgment entered on September 22, 1971, this Court finding for plaintiff. The judgment provided in part that:

> ". . . the legally taxable costs and disbursement incurred in this action be paid by the defendant for which execution shall issue upon application therefor."

On December 3, 1971, defendant filed Notice of Appeal. As of that date plaintiff had not tendered a bill of costs to

the Clerk of this Court. The decision of the trial court was affirmed by the Court of Appeals on January 23, 1973, wherein the defendant-appellant was ordered to pay plaintiff-appellee's costs on appeal in the amount of $307.50.

Subsequently, plaintiff filed on February 5, 1973, his bill of costs in the total amount of $2441.82 whereupon the defendant timely objected on February 15, 1973. The Clerk allowed and taxed costs against defendants only in the amount of plaintiff's costs on appeal and disallowed all other costs billed.

Rule 54(d) states:

"Except when express provision therefor is made either in a statute of the United States or in these rules, *costs shall be allowed as of course to the prevailing party unless the court otherwise directs*; (emphasis added).

\* \* \* \* \* \*

Costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court."

It has been held that review of the Clerk's assessment of costs is a de novo determination addressed to the sound discretion of the Court. American Steel Works v. Hurley Construction Company, 46 F.R.D. 465 (D.C.Minn., 1969); Farmer v. Arabian American Oil Company, 379 U.S. 227, 85 S.Ct. 411, 13 L. Ed.2d 248 (1964).

■ A prevailing party is not required to obtain taxation of costs before an appeal is taken and failure to do so is not a waiver of recoverable costs. Fleischer v. A. A. P. Inc., 36 F.R.D. 31 (S.D.N.Y., 1964). Also see American Infra-Red Radiant Co. v. Lambert Industries, Inc., 41 F.R.D. 161 (D.C.Minn., 1966); and Taxation of Costs in United States District Courts, by Richard C. Peck, Clerk of the U. S. District Court for the District of Nebraska, 37 F.R.D. 481, 1965.

■ In view of the foregoing, it is clear that the Clerk improperly denied plaintiff's trial costs as ordered by this Court in its judgment entered September 22, 1971.

■ This brings the Court to defendant's final objection—the correctness of the amount of witness fees and travel time claimed by the plaintiff. Taxation may be made for the cost of each day the witness is necessarily in attendance, and is not limited only to those costs incurred for the actual day upon which the witness testified. Bennett Chemical Co. v. Atlantic Commodities, Ltd., 24 F. R.D. 200 (S.D.N.Y., 1959).

Based upon the foregoing, costs should be taxed at $2441.82, which includes the $307.50 costs assessed by the Court of Appeals.