966 F.2d 1452
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JORDAN, Plaintiff-Appellant,
v.
John VERCOE, Defendant-Appellee.
 No. 91-1671.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1992.
 
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald L. Jordan, a pro se Michigan prisoner, appeals the district court's order taxing costs against him in this civil rights case filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Defendant filed his motion for an order taxing costs of $35.50 against Jordan. The motion was supported by a statement of Jordan's prison account activity. The district court overruled Jordan's objections and awarded $15.50 in costs. On appeal, Jordan argues that the costs are not authorized by law, that he lacks the capacity to pay and that the motion was not timely.
 
 
 3
 Upon review, we conclude that the district court did not abuse its discretion by awarding costs to defendant. See Papas v. Hanlon, 849 F.2d 702, 703 (1st Cir.1988) (per curiam). The assessment of costs against an in forma pauperis plaintiff is within the sound discretion of the district court. See Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir.1991); Sales v. Marshall, 873 F.2d 115, 120 (6th Cir.1989). Jordan's challenges to the award of costs lack merit.
 
 
 4
 First, the district court did not err by awarding attorney's docket fees under 28 U.S.C. §§ 1920(5) and 1923(a). The so-named "docket fee" authorized by §§ 1920 and 1923 is not intended to reimburse a party for either its filing fee or its actual costs incurred in hiring an attorney. See United States v. Orenic, 110 F.R.D. 584, 588 (W.D.Va.1986). Rather, the statute allows for the recovery of a nominal fee to be awarded to the prevailing party, subject to the court's discretion. See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247-59 (1975).
 
 
 5
 Second, § 1920(4) authorizes costs for photocopying of documents necessary for maintenance of the action, including copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the court's consideration. See Fressell v. A.T. & T. Technologies, Inc., 103 F.R.D. 111, 115-16 (N.D.Ga.1984). The award of $10.50 in this case was not an abuse of the district court's discretion.
 
 
 6
 Third, the district court properly considered the reasonableness of the award and Jordan's capacity to pay. See Sales, 873 F.2d at 120. Moreover, an indigent litigant opposing a motion for costs bears the burden of proving incapacity to pay. Weaver, 948 F.2d at 1014. Jordan did not object to the motion for costs on grounds of incapacity to pay. He cannot raise the issue for the first time on appeal. See Taft Broadcasting Co. v. United States, 929 F.2d 240, 243-45 (6th Cir.1991).
 
 
 7
 Fourth, Jordan's claim that the motion was not timely under local court rules is unavailing. The local rules provide that in its discretion, the court may in a particular case shorten or enlarge any time limit, with or without prior notice or motion. See W.D.Mich.L.R. 27(c). By granting the motion, the district court implicitly overruled Jordan's objection and exercised its discretion to enlarge the time for filing. Additionally, there is some authority to support defendant-appellee's assertion that he was not required to seek an award of costs prior to the appeal. See Brennan v. Frisch Dixie, Inc., 61 F.R.D. 419, 420 (W.D.Ky.1973), aff'd, 492 F.2d 1243 (6th Cir.1974).
 
 
 8
 Accordingly, the district court's order granting defendant's motion for costs is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.